PEOPLE *v.* WILLIAMS.

GAMING—RETURN OF PROPERTY SEIZED—PARTIES—CIVIL REMEDY—
JURISDICTION.

Dismissal by trial court for lack of jurisdiction in criminal
action of petition for return of property, seized on a gambling
raid against defendants against whom information was later
dismissed for lack of venue and jurisdiction, which dismissal
of instant petition had been sought because of lack of juris-
diction, because neither petitioner nor affiant, as claimed
owner, was a party to the criminal action, because the statute
of limitations had expired, because of adequacy of remedy
on the civil side of the court, and because of other grounds,
is affirmed without opinion as to civil remedy, if any, upon
the facts presented (CLS 1956, § 767.24).

Appeal from Berrien; Hadsell (Philip A.), J.
Submitted April 13, 1961. (Docket No. 68, Calendar
No. 48,596.) Decided June 28, 1961.

In the criminal action against Kernit Williams,
James Kapp, and others for violation of the gaming
laws, evidence seized in raid suppressed and infor-
mation quashed.

Petition, filed in criminal case, on behalf of Sports-
man's Club, Samuel Kapson, and others, strangers
to the criminal action, asserting ownership and seek-
ing order against county treasurer and present
sheriff and against Erwin H. Kubath, former sheriff,
for return of money and property seized in gambling

REFERENCES FOR POINTS IN HEADNOTES
24 Am Jur, Gaming and Prize Contests § 59.

raid. Petition dismissed on motion. Petitioners appeal. Affirmed.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Robert Weinbaum,* Assistant Attorney General, and *Ronald H. Lange,* Prosecuting Attorney, for the people.

*Killian & Spelman* (*Paul A. Taglia,* of counsel), for former sheriff Kubath.

*Gore & Williams,* for petitioners.

PER CURIAM. The petition before us, filed April 20, 1959, supported by affidavit of ownership executed by one Samuel Kapson, prayed that the court order delivery to named persons, and "to the Sportsman's Club in the State of Indiana," certain moneys and personal property allegedly owned by petitioner and seized in a raid upon said club on September 3, 1951. Information filed against said defendants was quashed upon motion, June 12, 1953, upon grounds of venue and jurisdiction.

Motion by the people to dismiss petition herein filed based upon lack of jurisdiction over the subject matter, lack of proper party in interest, neither affiant nor petitioner being party to criminal action in which petition is filed, running of statute of limitations,[1] adequacy of remedy "on the civil side of the court," and other grounds. Petitioner relied upon *People* v. *Krol,* 304 Mich 623. Circuit court dismissed for lack of jurisdiction.

Affirmed, without opinion as to civil remedy, if any, upon the facts presented.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

---

[1] See CLS 1956, § 767.24 (Stat Ann 1954 Rev § 28.964).