PEOPLE v. ROSA.

1. CRIMINAL LAW—ILLEGAL SEARCH AND SEIZURE—RETURN OF PROPERTY—JURISDICTION.

> Circuit court has jurisdiction in a criminal action to order return of illegally seized property, possession of which is not *per se* unlawful, to an accused in the action who asks for its return.

2. SAME—RECORDER'S COURT—JURISDICTION.

> Recorder's court of Detroit has jurisdiction in criminal actions within the city of Detroit to do all acts which circuit courts may do in like cases (CL 1948, § 726.11).

3. SAME—ILLEGAL SEARCH AND SEIZURE—RETURN OF PROPERTY—RECORDER'S COURT—JURISDICTION.

> Recorder's court of Detroit has jurisdiction in a criminal action to order return by police of illegally seized property, possession of which is not in itself unlawful, to the accused in the action upon his petition (CL 1948, § 726.11).

4. CONSTITUTIONAL LAW—POSSESSION OF PROPERTY.

> A constitutional right exists for people to be left in possession of their property unless valid authority for disturbing that possession can be shown to be based upon law (US Const, Ams. 4, 14).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 5–7]  47 Am Jur, Searches and Seizures § 48.
[2]  20 Am Jur 2d, Courts § 87; 21 Am Jur 2d, Criminal Law § 376,
[4]  16 Am Jur 2d, Constitutional Law §§ 364, 366, 370,

5. Criminal Law—Illegal Search and Seizure of Property—
Right to Possession—Ownership.

Ownership of property illegally seized by police need not be
decided in criminal action in which accused from whose pos-
session property was illegally taken asks the court for its
return; the only question that need be decided is the superior
right of possession as between the seizing authority and the
one from whom the property was seized (US Const, Am 4).

6. Same—Illegally Seized Property—Contraband.

An accused is not entitled to return of illegally seized con-
traband of which the mere possession is contrary to public
policy.

7. Same—Illegal Search and Seizure—Return of Property—
Public Policy.

Public policy against the unconstitutional seizure of property
by police is so strong as not to allow undue vexation or
delay in recovering noncontraband property wrongfully seized,
and ordering the return of the property to the accused in the
criminal action in which he was charged with the crime con-
nected with the seizure, rather than requiring him to bring
a civil action for its return, is an appropriate remedy (US
Const, Am 4).

Appeal from Recorder's Court of Detroit, Ricca
(John A.), J. Submitted Division 1 December 7,
1967, at Detroit. (Docket No. 2,875.) Decided
April 24, 1968. Rehearing denied June 14, 1968.
Leave to appeal granted September 5, 1968. See
381 Mich 774.

Rafael Maldonado Rosa moved, after dismissal of
prosecution against him, for return of money seized
in an illegal search. Motion denied. Defendant ap-
peals. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *William L. Cahalan*,
Prosecuting Attorney, *Samuel J. Torina*, Chief Ap-

pellate Lawyer, and *Rheo C. Marchand,* Assistant
Prosecuting Attorney, for the people.

*Walter A. Kurz,* for defendant.

McGREGOR, J. In June, 1965, cash in the amount
of $3,537 and certain contraband were seized from
the defendant by the Detroit police during what was
undisputedly an illegal search. At the conclusion of
the examination in recorder's court for the city of
Detroit, the action was dismissed by the judge upon
the prosecutor's motion. Motion was made by the
defendant in recorder's court for the return of the
illegally seized cash. While the opinion of the re-
corder's judge indicated that the police department
had no apparent right to possession of the cash, the
standard procedure in Detroit in such cases is to in-
stitute civil suit in circuit court against those par-
ties holding the property. Because of a lack of prec-
edents in the area, the judge related that he was
unsure of the jurisdiction of recorder's court so far
as returning the cash was concerned.

Jurisdictional limits of recorder's court are set
out in CL 1948, § 726.11 (Stat Ann 1962 Rev § 27-
.3561):

"The said recorder's court shall have original and
exclusive jurisdiction of all prosecutions and pro-
ceedings in behalf of the people of this state, for
crimes, misdemeanors, and offenses arising under
the laws of this state, and committed within the cor-
porate limits of the city of Detroit, except in cases
cognizable by the police court of the city of Detroit,
or by the justices of the peace of said city; and shall
have power to issue all lawful writs and process,
and to do all lawful acts which may be necessary and
proper to carry into complete effect the powers and
jurisdiction given by this act, and especially to issue

all writs and process, and *to do all acts which the circuit courts of this state within their respective jurisdictions, may, in like cases, issue and do by the laws of this state:* Provided, That this section shall not be construed to prevent the grand jury for the county of Wayne from inquiring into and presenting indictments, as heretofore, for crimes and offenses committed within the limits of said city." (Emphasis added.)

Under the terms of this jurisdiction delimiting statute, in order for the recorder's court to have authority to return the cash, it must first be decided that a circuit court also would have the authority to make disposition in a criminal case of cash obtained under identical circumstances.

In *People* v. *Williams* (1961), 363 Mich 281, seized personal property and cash were claimed by third parties after the information in the case had been quashed. The Supreme Court, in a *per curiam* opinion, held the remedy, if any, in the *Williams Case* was "on the civil side of the court." That holding, however, was largely based on a "lack of proper party in interest, neither affiant nor petitioner being party to criminal action in which petition is filed." In cases brought by the accused parties for the return of illegally seized property the return has been ordered. *People* v. *Krol* (1943), 304 Mich 623; *People* v. *Marxhausen* (1919), 204 Mich 599 (3 ALR 1505); also see 20 MLP, Searches and Seizures, § 1, p 228 *et seq.* It is apparent that such return can be ordered by circuit courts in such cases, therefore, under the statutes, recorder's court can also order such returns.

The question is now raised as to what return procedures would be compatible with the 4th Amendment of the Constitution of the United States, which was made fully applicable to the States by *Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct 1684, 6 L Ed 2d

1081, 84 ALR2d 933). The people argue that recorder's court is not the appropriate tribunal in which to try complicated questions of title. A similar illegal seizure of cash was faced and decided under the principles of the 4th Amendment in *Berkowitz* v. *United States* (CA 1, 1965), 340 F2d 168 (8 ALR3d 463). It was stated in that opinion that the basic concept of our American system incorporated in the 4th Amendment is that men have the right to be left in possession of their property unless valid authority for disturbing that possession can be shown to be based upon law. No complicated questions of title will be faced, as all that need be decided concerning seized property is the superior right of possession as between the seizing authority and the one from whom the property was seized. As pointed out in *Berkowitz,* this does not mean that an accused is entitled to receive possession of contraband of which the mere possession is *per se* contrary to public policy. In the case of the seizure of noncontraband property, public policy against the unconstitutional seizure of property is so strong as not to allow undue vexation or delay in recovering property wrongfully seized.

This case is remanded to recorder's court for action consistent with this opinion.

LESINSKI, C. J., and FITZGERALD, J., concurred.