## PEOPLE *v.* ROSA.

1. SEARCHES AND SEIZURES—ILLEGAL—RETURN OF PROPERTY—RIGHT
TO POSSESSION.
> Motion for return of money which was illegally searched for,
> seized, and held does not raise a question of title, but does
> raise an issue as to who has the superior right to possession
> as between the seizing authority and the one from whom the
> property was seized.

2. COURTS—RECORDER'S COURT—JURISDICTION—CRIMINAL OFFENSES—
WAYNE COUNTY CIRCUIT COURT.
> Recorder's court has been given original and exclusive jurisdic-
> tion by the legislature over all prosecutions and proceedings
> in behalf of the State for all criminal offenses arising under
> the laws of this State and occurring within the corporate
> limits of Detroit, while the Wayne county circuit court has
> been confined in their jurisdiction by the legislature to
> criminal offenses occurring within Wayne county but outside
> the corporate limits of Detroit (CL 1948, § 726.11).

3. SEARCHES AND SEIZURES—ILLEGAL—RETURN OF PROPERTY—CIRCUIT
COURTS.
> Circuit court is bound by this Court's holding that it is the
> duty of the trial court to order the return of articles unlaw-
> fully taken from defendant where it appears that before trial
> articles have been taken from the possession of defendant in
> violation of his constitutional rights and by unlawful search
> and seizure without a search warrant.

4. COURTS — STATUTES — RECORDER'S COURT — JURISDICTION —
PROTECTION OF ACCUSED.
> Recorder's court is given power by statute to do all acts which
> the circuit courts of this State within their respective juris-
> dictions may, in criminal cases, issue and do by the laws of

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 5] 47 Am Jur, Searches and Seizures §§ 48, 55.
[6] 5 Am Jur 2d, Appeal and Error § 1009.

this State; however, this statute does not grant general jurisdiction to determine questions of title, but limits the power or jurisdiction of recorder's court to matters in duly instituted criminal proceedings which are necessary to effectively and justly enforce the law and protect the accused from an unlawful exercise of police power (CL 1948, § 726.11).

5. SAME—RECORDER'S COURT—CRIMINAL LAW—SEARCH AND SEIZURE —RETURN OF PROPERTY.

Recorder's court has the ancillary right and duty in criminal cases to determine the right to possession of money or goods illegally seized and detained by law enforcing officials.

6. COSTS—PUBLIC QUESTION—APPEAL AND ERROR—RECORDER'S COURT —MOTIONS—RETURN OF PROPERTY.

No costs are allowed on appeal from a determination that the recorder's court must pass judgment on defendant's motion for return of property illegally searched for, seized, and detained, a public question being involved.

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and Fitzgerald and McGregor, JJ., reversing and remanding to Recorder's Court of Detroit, Ricca (John A.), J. Submitted April 8, 1969. (Calendar No. 1, Docket No. 52,103.) Decided August 4, 1969.

11 Mich App 157, affirmed and remanded.

Rafael Maldonado Rosa moved, after dismissal of prosecution against him, for return of money seized in an illegal search. Motion denied. Defendant appealed to the Court of Appeals. Reversed and remanded. The people appeal. Affirmed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Samuel J. Torina,* Chief Appellate Lawyer, for the people.

*Walter A. Kurz,* for defendant.

KELLY, J.   On June 22, 1965, while investigating an anonymous tip concerning a bank holdup of the previous day, members of the Detroit police department went to the Detroit Strathmore Hotel room of defendant Rosa and, without a search warrant, searched the room and arrested defendant.

The officers confiscated a cellophane package containing white powder, a syringe, and two wallets containing $3,537.

Defendant was arraigned on a warrant charging illegal possession of narcotics and after a preliminary examination the complaint and warrant were dismissed on motion of the prosecutor on the grounds that the arrest was illegal with the consequence that the search and seizure were in violation of the defendant's constitutional rights.

Defendant's motion for return of the $3,537 was denied by Recorder's Court Judge Ricca.   In his opinion, he said:

"This court feels it is without jurisdiction to entertain a motion for return of funds alleged to have been illegally seized by the police department of the city of Detroit and the court cannot summarily order the return of the property as part of the criminal case; but that a suit for return of said funds should be filed in the civil court with the proper parties, as complainant and defendant."

The opinion of the Court of Appeals[1] sets forth the statute,[2] emphasizing the words "do all acts

---

[1] *People* v. *Rosa* (1968), 11 Mich App 157.   Appeal granted 381 Mich 774.

[2] "The said recorder's court shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this state, for crimes, misdemeanors, and offenses arising under the laws of this state, and committed within the corporate limits of the city of Detroit, except in cases cognizable by the police court of the city of Detroit, or by the justices of the peace of said city; and shall have power to issue all lawful writs and process, and to do all lawful acts which may be necessary and proper to

which the circuit courts of this state within their respective jurisidictions, may, in like cases, issue and do by the laws of this state"; called attention to circuit court and Federal cases[3] which ordered the return of illegally seized property or money under circumstances similar to the present case, and decided that the recorder's court had jurisdiction to determine defendant's "motion for return of property illegally searched for, seized and held."

To sustain their contention that the Court of Appeals erroneously construed the statute, the people, in their brief, state:

"It is the contention of the appellant that if the interpretation as suggested by the Court of Appeals were to be adopted in its entirety, then the recorder's court would have to be empowered to try questions of title, since the ordering of the return of seized property must be based on a finding as to who is entitled to possession. It has been previously held that the recorder's court does not have the right or the power to try such questions. *Jackson* v. *People* (1860), 9 Mich 111 (77 Am Dec 491); *People* v. *Stott* (1892), 90 Mich 343; *People* v. *Wolverine Manufacturing Company* (1905), 141 Mich 455."

The cases cited by plaintiff-appellant are not pertinent to the question presented in this appeal. In

carry into complete effect the powers and jurisdiction given by this act, and especially to issue all writs and process, and to do all acts which the circuit courts of this state within their respective jurisdictions, may, in like cases, issue and do by the laws of this state: Provided, That this section shall not be construed to prevent the grand jury for the county of Wayne from inquiring into and presenting indictments, as heretofore, for crimes and offenses committed within the limits of said city." CL 1948, § 726.11 (Stat Ann 1962 Rev § 27.3561).

[3] *People* v. *Williams* (1961), 363 Mich 281; *People* v. *Krol* (1943), 304 Mich 623; *People* v. *Marxhausen* (1919), 204 Mich 559 (3 ALR 1505); *Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct 1684, 6 L Ed 2d 1081, 84 ALR2d 933); *Berkowitz* v. *United States* (CA 1, 1965), 340 F2d 168 (8 ALR3d 463).

each of those cases the issue involved was the question of title on a claimed offense of blocking a public street or alley.

We are not considering an appeal involving an action that was started by defendant-appellee in the recorder's court to try question of title, but a case where defendant was forcibly brought before the recorder's court, where the issue presented is the superior right to possession as between the seizing authority and the one from whom the property was seized.

Because of Wayne county's complex problems of law enforcement, the legislature confined jurisdiction to the circuit court of Wayne county of offenses occurring outside the corporate limits of the city of Detroit, and granted jurisdiction over all offenses occurring within the corporate limits of the city of Detroit to the recorder's court. If the offense complained about in this appeal had occurred outside the corporate limits of the city of Detroit, and a similar motion to return the money had been made, the circuit court would have followed our decision in *People* v. *Marxhausen* (1919), 204 Mich 559, where we held (syl 2):

"Where it is made to appear before the trial that articles have been taken from the possession of the defendant in violation of his constitutional rights and by unlawful search and seizure and without any search warrant at all, it becomes the duty of the trial court to order the return of the articles thus unlawfully taken."

The statute in question in regard to the recorder's court grants jurisdiction to said court to have original and *exclusive* jurisdiction of all prosecutions and proceedings in behalf of the people of this State

for crimes, misdemeanors, and offenses arising under the laws of this State and committed *within the corporate limits of the city of Detroit.*

These statutory words "to do all acts which the circuit courts of this state within their respective jurisdictions, may, in like cases, issue and do by the laws of this state,"[4] refer to criminal matters and are definitely connected with and refer to the preceding language dealing with issuing of process, *et cetera,* necessary to effectively and justly enforce the law and protect the accused from an unlawful exercise of police power.

Our words go no farther than what we have just said. In view of section 726.11's restrictive provision, "in like cases," such words are not to be taken as extending either the power or jurisdiction of the recorder's court beyond that of disposition of a duly instituted criminal proceeding which is then before that court.

We do not interpret the Court of Appeals' decision (as does plaintiff) as an authorization to the recorder's court to exercise general jurisdiction determining questions of title, and specifically hold that the statute does not grant such powers.

We do hold that in criminal cases similar to the one before us in this appeal, it is the ancillary right and duty of the recorder's court to determine the right to possession of money or goods illegally seized by law enforcing officials.

This case is remanded to the recorder's court to pass final judgment on defendant's "motion for return of property illegally searched for, seized and held."

---

[4] CL 1948, § 726.11 (Stat Ann 1962 Rev § 27.3561).

Affirmed and remanded. No costs, a public question being involved.

T. E. BRENNAN, C. J., and DETHMERS, BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.