PEOPLE v MOSS

Opinion of the Court

1. Courts—Common Pleas Court—Authority of Court—Searches and Seizures.

A judge of the Detroit Common Pleas Court has the authority to issue a search warrant for premises within the City of Detroit.

2. Courts—Police Courts—Jurisdiction—Criminal Law.

The original and exclusive jurisdiction of the former police court included the power to hear, try and determine criminal cases while the power to issue lawful writs and process, although existing, was not exclusive to the former police court.

3. Courts—Recorder's Court—Jurisdiction—Search Warrants.

The original and exclusive jurisdiction of the recorder's court applied to prosecutions and proceedings for crimes and not to the proceedings for the issuance of search warrants, since proceedings for the issuance of search warrants are for the discovery of crime.

Dissent by M. F. Cavanagh, P. J.

4. Courts—Common Pleas Court—Authority of Court—Searches and Seizures.

*A judge of the Detroit Common Pleas Court has no authority to issue a search warrant for premises within the City of Detroit.*

5. Searches and Seizures—Courts—Jurisdiction—Police Courts—Justices of the Peace—Public Acts.

*The public act establishing a police court in Detroit deprived justices of the peace of all criminal jurisdiction, including the authority to issue a search warrant for premises within the City of Detroit (1885 PA 161).*

REFERENCE FOR POINTS IN HEADNOTES
[1–7] 20 Am Jur 2d, Courts § 91.

6. COURTS—COMMON PLEAS COURT—JUSTICES OF THE PEACE—
   SEARCHES AND SEIZURES.
   *A justice of the peace in the City of Detroit had neither criminal
   jurisdiction nor the authority to issue search warrants at the
   time immediately prior to the creation of the Detroit Common
   Pleas Court.*

7. COURTS—COMMON PLEAS COURT—JURISDICTION—JUSTICES OF THE
   PEACE.
   *The Detroit Common Pleas Court was established with a jurisdic-
   tion to the same extent as was had and exercised by justices of
   the peace in the City of Detroit immediately prior to the
   establishment of the Common Pleas Court.*

Appeal from Recorder's Court of Detroit, Mich-
ael J. Connor, J. Submitted March 11, 1976, at
Detroit. (Docket No. 24495.) Decided April 27,
1976. Leave to appeal applied for.

Steven Moss was charged with unlawful posses-
sion of a controlled substance. Motion to suppress
evidence and quash information granted. Plaintiff
appeals by leave granted. Reversed and informa-
tion reinstated.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training, and Appeals, and
*Robert A. Reuther,* Assistant Prosecuting Attor-
ney, for the people.

*Neal Bush* and *Sheldon Halpern,* for defendant.

Before: M. F. CAVANAGH, P. J., and R. B. BURNS
and QUINN, JJ.

QUINN, J. On leave granted, the people appeal
from an order quashing the information in this
case. The basis for that order was the finding by
the trial court that the search warrant involved

was illegally issued by a judge of Detroit Common Pleas Court. Hence, the evidence which supported the charge of unlawful possession of a controlled substance was suppressed.

The only issue presented is whether or not a judge of Detroit Common Pleas Court has authority to issue a search warrant for premises within the city of Detroit.

MCLA 780.651; MSA 28.1259(1) authorizes magistrates to issue search warrants. MCLA 761.1(f); MSA 28.843(f) defines magistrates and further provides, "Nothing in this definition shall be construed as limiting the power of justices of the supreme court and circuit judges and judges of courts of record having jurisdiction of criminal causes under this act or depriving them of the power to exercise in their discretion the authority of magistrates". MCLA 728.1; MSA 27.3651 establishes common pleas court as a court of record *with* criminal jurisdiction, "to the same extent as was had and exercised by the justices of the peace of such city immediately prior to the consolidation of the courts * * * pursuant to the provisions of this act, * * * ". We conclude that judges of common pleas court have discretion to exercise the authority of magistrates and to issue search warrants unless it can be said that justices of the peace in Detroit had no such authority when common pleas court was established.

The trial court held and defendant argues that 1885 PA 161, which established a police court in Detroit, deprived justices of the peace in Detroit of all criminal jurisdiction. By 1919 PA 369 (see MCLA 725.10; MSA 27.3950) the police court was abolished and its jurisdiction was transferred to recorder's court. Pertinent to decision is the following language from Act 161:

"Sec. 10. The police court shall have original and exclusive jurisdiction to hear, try and determine all criminal cases wherein the crime, misdemeanor or offense charged shall have been committed within the corporate limits of the city of Detroit * * * which crime, misdemeanor or offense would be, now or hereafter, cognizable by a justice of the peace if the same had been committed in any other part of this State; * * * ."

"Sec. 11. The police court shall have power to issue all lawful writs and process, and to do all lawful acts which may be necessary and proper to execute and carry into complete effect the powers and jurisdiction given by this act, and especially to issue all writs and process, and to do all acts which justices of the peace, within their respective jurisdictions, may issue and do by the laws of this State, and shall, as far as applicable, be governed by the provisions of law regulating criminal cases and proceedings before justices of the peace."

We read that language to grant the police court original and exclusive jurisdiction to *hear, try* and *determine* and power (not exclusive) to issue lawful writs and process. It is our conclusion that Act 161 did not deprive justices of the peace in Detroit of authority to issue search warrants.

Nor do we find that the "original and exclusive" jurisdiction of recorder's court, MCLA 726.11; MSA 27.3561, applies to more than "prosecutions and proceedings", *People v Ewald,* 302 Mich 31; 4 NW2d 456 (1942). That exclusiveness does not apply to proceedings for the discovery of crime, *Ewald, supra,* and search warrants are for the discovery of crime.

Reversed and information reinstated.

R. B. BURNS, J., concurred.

M. F. Cavanagh, P. J. *(dissenting).* I dissent. As the majority opinion notes, MCLA 728.1; MSA 27.3651 establishes the jurisdiction of common

pleas court. I conclude that justices of the peace in the city of Detroit did not have any criminal jurisdiction immediately prior to the creation of the common pleas court, that justices of the peace of Detroit did not then have authority to issue search warrants and, accordingly, that a judge of Detroit Common Pleas Court has no authority to issue a search warrant for premises within the city of Detroit.

I would affirm the trial court and hold that 1885 PA 161 deprived justices of the peace in Detroit of all criminal jurisdiction, including the authority to issue search warrants for premises within the city. The statement in *People v Ewald,* 302 Mich 31; 4 NW2d 456 (1942), that proceedings for the discovery of crime are not prosecutions and proceedings for crimes within the meaning of the recorder's court jurisdiction statute does not require a different result. *Ewald* involved the authority of a one-man Wayne County grand jury, conducting an investigation into crimes in Detroit, to issue an arrest warrant for a crime committed within the city. The recorder's court jurisdiction statute contains a specific proviso preserving the authority of the grand jury to inquire into and make accusation of crimes committed within the city. The instant case does not involve the authority of a grand jury, one-man or otherwise.

The majority's construction of 1885 PA 161 results in the anomaly that the only vestige of criminal jurisdiction retained by Detroit Common Pleas Court is the power to issue search warrants. I believe it preferable to read 1885 PA 161 as eliminating all Detroit common pleas criminal jurisdiction, including the authority to issue search warrants, thus avoiding the anomaly adverted to.