DEPARTMENT OF TREASURY v RECORDER'S COURT JUDGE

CITY OF DETROIT v RECORDER'S COURT JUDGE

Docket Nos. 78-4876, 78-4957. Submitted November 28, 1978, at Detroit.—Decided March 27, 1979.

On October 26, 1978, John P. Withers was driving an automobile and was stopped by the Detroit police for speeding and subsequently was arrested for driving under the influence of liquor. The police searched him and found $1,222 in cash and a quantity of cocaine. At that point Withers and a passenger were arrested for the possession of a controlled substance. At the police station, a search of Withers' car disclosed over $40,000 in cash and other items.

The next day, the Michigan Department of Treasury, Revenue Division, issued a jeopardy assessment on the property. Copies of the assessment, along with a warrant and notice of levy, were served upon a Recorder's Court Judge and the Detroit Police Department.

It was later determined that the seizure of the money found in the car had been improper. The Recorder's Court of Detroit ordered the police to return the money and miscellaneous personal property which had been improperly seized.

The Department of Treasury and the City of Detroit each filed a complaint in the Court of Appeals for superintending control against the Recorder's Court Judge. Mr. Withers filed a motion to intervene. This motion was granted. On November 28, 1978, the Court of Appeals consolidated the two actions. *Held:*

The Recorder's Court of Detroit has jurisdiction only over the disposition of duly instituted criminal proceedings and issues directly related to those proceedings. The jeopardy assessment issued by the Department of Treasury in this case did not institute a criminal proceeding and did not raise issues directly related to the ongoing criminal proceeding. The Recorder's

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Courts §§ 30, 103, 122.

Court did not have subject-matter jurisdiction to determine title to the property.

The Recorder's Court order is vacated, being void for lack of subject-matter jurisdiction.

1. COURTS — RECORDER'S COURT — JURISDICTION — CRIMINAL PROCEEDINGS — QUESTIONS OF TITLE.

Jurisdiction of Detroit Recorder's Court is limited to the disposition of duly instituted criminal proceedings and issues directly related to those proceedings; it does not include general jurisdiction to determine questions of title.

2. COURTS — JURISDICTION — RECORDER'S COURT — TITLE QUESTIONS — JEOPARDY ASSESSMENTS — CIVIL JURISDICTION — CRIMINAL PROCEEDING.

A question of title raised by a jeopardy assessment issued by the Michigan Department of Treasury is not within the jurisdiction of Recorder's Court and must be addressed in a court of civil jurisdiction where no criminal proceeding has been instituted relating to the assessment and the assessment does not raise issues directly related to an ongoing criminal proceeding.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *E. David Brockman* and *Susan A. Harris,* Assistants Attorney General, for plaintiff Treasury Department.

*Roger E. Craig,* Corporation Counsel, *William Dietrich,* Assistant Corporation Counsel, and *John H. Dise, Jr.,* Principal Attorney, for plaintiff City of Detroit.

*Alphonso R. Harper,* for defendant Recorder's Court Judge.

*William B. Hill (David L. Krusell,* of counsel), for intervening defendant.

Before: J. H. GILLIS, P.J., and BASHARA and D. C. RILEY, JJ.

PER CURIAM. Plaintiffs filed complaints for su-

perintending control on November 21, 1978, and November 27, 1978, respectively. The issue presented is whether a Recorder's Court judge can order property returned to a criminal defendant upon determination that the property was illegally seized, where the Michigan Department of Treasury has previously issued a jeopardy assessment on the property.

The facts are as follows. On October 26, 1978, John Patrick Withers was driving an automobile when he was stopped by the Detroit police for speeding. After struggling with the officers, Withers was arrested for driving under the influence of liquor. The police searched him and discovered $1,222 in cash and a quantity of cocaine. At that point, Withers and a passenger were arrested for violating the Controlled Substances Act and taken to a police station. A subsequent search of the vehicle at the station disclosed over $40,000 in cash as well as books, records and miscellaneous items.

On October 27, 1978, the Michigan Department of Treasury, Revenue Division, issued a jeopardy assessment against Withers. Copies of the assessment, along with a warrant and notice of levy were served upon a Recorder's Court judge and the Detroit Police Department.

On November 2, 1978, Mr. Withers filed a motion for return of the property that had been seized. Recorder's Court determined that the property had been improperly seized from the trunk of the car and ordered the police to return $42,242 and miscellaneous personal property.

In the meantime, defendant Withers was bound over for trial for violation of the Controlled Substances Act based upon the cocaine found on his person at the time of his initial arrest.

Plaintiffs filed complaints for superintending control against the Recorder's Court judge. Mr. Withers filed a motion to intervene, which was subsequently granted. On November 28, 1978, this Court issued an order staying the proceedings in Recorder's Court and consolidated the plaintiffs' complaints.

The jurisdiction of Recorder's Court is provided by statute. MCL 726.11; MSA 27.3561 provides:

"The said recorder's court shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this state, for crimes, misdemeanors, and offenses arising under the laws of this state, and committed within the corporate limits of the city of Detroit, except in cases cognizable by the police court of the city of Detroit, or by the justices of the peace of said city; and shall have power to issue all lawful writs and process, and to do all lawful acts which may be necessary and proper to carry into complete effect the powers and jurisdiction given by this act, and especially to issue all writs and process, and to do all acts which the circuit courts of this state, within their respective jurisdictions, may, in like cases, issue and do by the laws of this state: Provided, That this section shall not be construed to prevent the grand jury for the county of Wayne from inquiring into and presenting indictments, as heretofore, for crimes and offenses committed within the limits of said city."

In *People v Rosa,* 382 Mich 163; 169 NW2d 297 (1969), the defendant moved, after dismissal of the case against him, for the return of money seized in an illegal search. No jeopardy assessment had been filed by the Department of Treasury, but Recorder's Court Judge Ricca concluded that he had no jurisdiction to entertain the motion. On appeal, this Court determined that the Recorder's Court had jurisdiction over the question and reversed. *People v Rosa,* 11 Mich App 157; 160

NW2d 747 (1968). The Supreme Court agreed with our disposition and explained Recorder's Court jurisdiction in these matters as follows:

"The statute in question in regard to the recorder's court grants jurisdiction to said court to have original and *exclusive* jurisdiction of all prosecutions and proceedings in behalf of the people of this State for crimes, misdemeanors, and offenses arising under the laws of this State and committed *within the corporate limits of the city of Detroit.*

"These statutory words 'to do all acts which the circuit courts of this state within their respective jurisdictions, may, in like cases, issue and do by the laws of this state,' refer to criminal matters and are definitely connected with and refer to the preceding language dealing with issuing of process, *et cetera,* necessary to effectively and justly enforce the law and protect the accused from an unlawful exercise of police power.

"Our words go no farther than what we have just said. In view of section 726.11's restrictive provision, 'in like cases,' such words are not to be taken as extending either the power or jurisdiction of the recorder's court beyond that of disposition of a duly instituted criminal proceeding which is then before that court.

"We do not interpret the Court of Appeals' decision (as does plaintiff) as an authorization to the recorder's court to exercise general jurisdiction determining questions of title, and specifically hold that the statute does not grant such powers.

"We do hold that in criminal cases similar to the one before us in this appeal, it is the ancillary right and duty of the recorder's court to determine the right to possession of money or goods illegally seized by law enforcing officials." 382 Mich 167-168. (Footnote omitted.)

In short, Recorder's Court jurisdiction is limited to the disposition of duly instituted *criminal* proceedings and issues directly related to those pro-

ceedings. It does not include general jurisdiction to determine questions of title.

The jeopardy assessment issued by the Michigan Department of Treasury in this case does not institute a criminal proceeding and does not raise issues directly related to the ongoing criminal proceeding. Rather, the Department's actions raise a separate question of title which must be addressed in a court of civil jurisdiction. See *Craig v Detroit Police Dep't,* 397 Mich 185, 190; 243 NW2d 236 (1976), *People v 3474 Fairview,* 81 Mich App 479; 265 NW2d 381 (1978), *lv den,* 402 Mich 945 (1978). Accordingly, once the Department of Treasury served its jeopardy assessment and notice of levy, the Recorder's Court had no jurisdiction to return the property in question to the criminal defendant. The Recorder's Court order is vacated, therefore, as being void for lack of subject-matter jurisdiction.