PEOPLE v LAVINE

Docket No. 78-4293. Submitted November 8, 1979, at Lansing.—Decided January 25, 1980.

Stephen C. Lavine was charged with possession of marijuana with intent to deliver and was acquitted. He then petitioned the Jackson Circuit Court for the return of property seized from his room by police pursuant to a search warrant, which seizure led to the marijuana prosecution. His petition was denied, Gordon W. Britten, J. Defendant appeals by leave granted. *Held:*

The defendant's claim that the property was taken from his room and that no one else had permission to place the property there was insufficient to allege a possessory right to the property.

Affirmed.

MACKENZIE, J., dissented. She would hold that the allegations of the defendant were sufficient to constitute a possessory interest in the property. She would reverse.

OPINION OF THE COURT

1. SEARCHES AND SEIZURES — RETURN OF PROPERTY — RIGHT TO POSSESSION.

A person who petitions for the return of property seized by police must claim that the property was seized from his possession and that he exercised dominion and control over the property; a mere claim that the property was found in his room and that he had given no one else permission to put it there is insufficient to establish a right to possession.

DISSENT BY MACKENZIE, J.

2. SEARCHES AND SEIZURES — RETURN OF PROPERTY — RIGHT TO POSSESSION.

*A defendant's claim that property was seized from his room by police and that no one else had permission to place the property there is sufficient to allege a possessory interest in the property where no other party is alleging a possessory interest*

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 68 Am Jur 2d, Searches and Seizures § 118.

*and where a charge incidental to which the property was seized
from the room resulted in the defendant's acquittal.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Edward J. Grant,*
Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Best, Arnold, Gleeson & Best, P.C.* (by *Chad C.
Schmucker),* for defendant.

Before: R. M. MAHER, P.J.; and MACKENZIE and
J. H. PIERCEY,* JJ.

PER CURIAM. Defendant appeals from the circuit court's denial of his petition for the return of an assortment of chattels and approximately $2,000 in cash removed from his bedroom by police officers executing a valid search warrant. Defendant previously won an acquittal by directed verdict on a charge of possession of marijuana with intent to deliver, which arose out of the same search.

The question to be decided in a case of this type is "the superior right of possession as between the seizing authority and the one from whom the property was seized". *People v Rosa,* 11 Mich App 157, 161; 160 NW2d 747 (1968), *aff'd* 382 Mich 163; 169 NW2d 297 (1969). See also, *Oakland County v Bice,* 386 Mich 143; 191 NW2d 338 (1971).

However, defendant has not claimed that the property in question was seized from his possession. Nor does he allege that he exercised over the property that dominion and control which is the hallmark of possession. See 73 CJS, Property, § 14(a), pp 196-197. He merely claims that the property was found in his room and that he gave no one else permission to put it there. Those

---

* Circuit judge, sitting on the Court of Appeals by assignment.

allegations are insufficient to establish even a prima facie right to possession. The trial court correctly denied defendant's petition.

Affirmed.

MacKenzie, J. *(dissenting).* I dissent. As stated by the majority, the property seized belongs to the party with the superior right of possession. See *People v Rosa,* 11 Mich App 157; 160 NW2d 747 (1968). I believe that defendant has the superior right in this case.

According to 63 Am Jur 2d, Property, § 39, p 323:

"One may have possession of a chattel, even in the absence of actual personal custody, if the chattel is under his control and in a place where it must have been put by his act or in his behalf, or where the chattel is within his power in such a sense that he can and does command its use."

In his petition for return of personal property, defendant stated that on November 24, 1976, $2,-046 was seized from his room in Apartment A-59 in the Centaur Apartment building complex. He further stated that no other person had his permission to store any currency in his room or in the premises. It is my opinion that such allegations allege a possessory interest.

It is important to keep in mind that no other party is alleging a possessory interest in the money. Since the prosecution against defendant resulted in his acquittal, I do not believe the state can be considered to have a possessor right superior to that of defendant. In order to be lawful, a search warrant need only be based upon probable cause. If the state can retain the money although

there is insufficient evidence to convict the defendant, the result, I believe, effectively amounts to a confiscatory fine based upon mere probable cause.

I would reverse.