PEOPLE v WADE

Docket Nos. 86430, 87137. Submitted March 13, 1986, at Detroit.
    Decided February 2, 1987.

    Monica Wade was arrested by a Detroit police officer who ob-
    served her alight from an automobile that matched the descrip-
    tion given by another police officer of an automobile from
    which he saw two individuals alight, fire two firearms, and
    drive away. The police found a handgun in defendant's purse,
    which was searched without a warrant following her arrest,
    and 272.1 grams of marihuana in the automobile, which was
    searched without a warrant at the police precinct following its
    impoundment. The people filed a petition in Wayne Circuit
    Court for forfeiture of the automobile pursuant to the provi-
    sions of the Public Health Code and charged defendant in
    Detroit Recorder's Court with carrying a concealed weapon and
    possession of marihuana with intent to deliver. The circuit
    court issued an order directing that the automobile remain in
    the custody of the Detroit Police Department until the conclu-
    sion of forfeiture proceedings or until otherwise directed by the
    circuit court. The Recorder's Court, Dalton A. Roberson, J.,
    granted defendant's motion to suppress evidence of the mari-
    huana seized, quashed the information, and ordered the police
    to return the automobile to defendant. The Recorder's Court
    judge, on the people's motion, later set aside his order directing
    the return of the automobile. Defendant appealed from that
    amended order and the people appealed from the part of the
    order suppressing evidence and quashing the information. The
    appeals were consolidated.

    The Court of Appeals *held:*

    1. When police officers have probable cause to believe that

REFERENCES

Am Jur 2d, Courts §§ 87 *et seq.*

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 27, 40 *et seq.*

Am Jur 2d, Searches and Seizures §§ 41 *et seq.*

Relief to owner of motor vehicle subject to state forfeiture for use in
    violations of narcotics laws. 50 ALR3d 172.

Lawfulness of "inventory search" of motor vehicle impounded by
    police. 48 ALR3d 537.

contraband is inside an automobile, they may conduct a search of the automobile without a warrant even after it has been impounded and is in police custody. In this case, the police had probable cause to believe that a second firearm might be inside the automobile. The Recorder's Court judge, therefore, clearly erred in ruling that the search was invalid and that evidence of the marihuana seized should be suppressed.

2. The Recorder's Court judge correctly vacated his order directing the police to return the automobile to defendant, since the automobile and any claims of title to it are properly under the jurisdiction of the Wayne Circuit Court, where forfeiture proceedings remain pending.

Affirmed in part, reversed in part and remanded.

1. SEARCHES AND SEIZURES — AUTOMOBILES — SEARCH WITHOUT WARRANT — PROBABLE CAUSE.

Police officers, when they have probable cause to believe that contraband is inside an automobile, may conduct a search of the automobile without a warrant even after the automobile has been impounded and is in police custody.

2. COURTS — RECORDER'S COURT — JURISDICTION.

The Detroit Recorder's Court lacks jurisdiction to order the return of property seized as evidence by the police, where such property is the subject of forfeiture proceedings pending in the circuit court under the provisions of the Public Health Code relating to controlled substances.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Virginia Hazen,* Assistant Prosecuting Attorney, for the people.

*Cornelius Pitts,* for defendant.

Before: BRONSON, P.J., and R. B. BURNS and J. E. TOWNSEND,* JJ.

J. E. TOWNSEND, J. Two cases involving the attempted criminal prosecution of defendant and the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

attempted forfeiture of defendant's vehicle have been consolidated for appeal. In case number 86430, the people appeal from a July 8, 1985, order suppressing as evidence marihuana obtained in a search without a warrant of a vehicle after impoundment, entered in Detroit Recorder's Court. In case number 87137, defendant appeals from a Detroit Recorder's Court order entered August 16, 1985, setting aside a previous order for the return of property to defendant. A forfeiture proceeding was pending in the Wayne Circuit Court as to such property.

The instant prosecution arose from an offense allegedly committed on December 24, 1983, at approximately 3:50 P.M. At that time, at the intersection of Smith and Brush in the City of Detroit, Officer David Haddon of the Detroit Police Department observed two occupants of a 1984 Lincoln Continental Mark VII, bearing license plate 331 JAH, exit from the vehicle possessing guns. Officer Haddon saw the two individuals walk into an alley, fire the guns, and then return to the car and drive away. Officer Haddon relayed this information to the 13th precinct, which in turn announced it over the police radio system to the area units.

Soon thereafter, Officer Joseph O'Brien spotted the automobile matching the radio description two to three blocks away from the intersection of Smith and Brush and followed it to the corner of Harmon and Woodward, where two of the occupants left the car and walked into a store. When these two individuals came out of the store a short time later, Officer O'Brien arrested them and searched through the purse possessed by the female, identified as defendant. In the purse, O'Brien found a .25 caliber gun. Then, O'Brien instructed the two occupants remaining in the car to come out, whereupon O'Brien conducted pat-

down searches but found nothing. The vehicle was not searched at that time.

After the arrests, the four individuals and the vehicle were transported to the 13th precinct police station. After being impounded, the vehicle was taken to the station's garage and was searched for the first time by Officer Lawrence Raynor. Officer Raynor testified that he found several bags of marihuana weighing a total of 272.1 grams in the trunk of the automobile during his search of the vehicle. The search was conducted without a warrant.

On January 20, 1984, approximately one month after this search, the people filed a petition for forfeiture of the vehicle, pursuant to MCL 333.7523; MSA 14.15(7523), in the Wayne Circuit Court. In that civil action, Wayne Circuit Court Chief Judge Richard Dunn issued an order to show cause, which directed, inter alia, that the vehicle remain in the custody of the Detroit Police Department until the conclusion of the action or until otherwise directed by the circuit court.

Defendant was charged with carrying a concealed weapon, MCL 750.227; MSA 28.424, and possession of marihuana with intent to deliver, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c).

On July 8, 1985, the Recorder's Court judge issued an opinion and order suppressing the evidence and quashing the information.

On July 9, 1985, the Recorder's Court judge issued an addendum order directing the police to return the vehicle to defendant. On the same date the people filed a motion to set aside the addendum order. The motion was heard on August 16, 1985. On August 22, 1985, the Recorder's Court judge entered an order granting the people's motion to set aside the addendum order. Defendant appeals therefrom.

I

The trial court's ruling, which suppressed as evidence marihuana discovered in the trunk of the vehicle after impoundment, will not be set aside unless the reviewing court determines that the ruling was clearly erroneous. See *People v Castle,* 126 Mich App 203, 207; 337 NW2d 48 (1983), and cases cited therein. When a search is conducted without a warrant the state bears the burden of proving that the search was justified by a recognized exception to the rule requiring a warrant.

Because the suppression involved marihuana seized outside the curtilage of a dwelling house, we must look to Const 1963, art I, § 11 which provides in part as follows:

> The provisions of this section shall not be construed to bar from evidence in any criminal proceeding any narcotic drug, firearm, bomb, explosive or any other dangerous weapon, seized by a peace officer outside the curtilage of any dwelling house in this state.

The Michigan Supreme Court in the case of *People v Moore,* 391 Mich 426, 435; 216 NW2d 770 (1974), stated:

> While Constitution 1963, art I, § 11 protects against "unreasonable searches and seizures", its proviso prohibiting the exclusion from evidence of "any narcotic drug, firearm, bomb, explosive or any other dangerous weapon, seized by a peace officer outside the curtilage of any dwelling house", precludes a construction of the Michigan search and seizure clause imposing a higher standard of reasonableness for searches and seizures of items named in the proviso than the United States Supreme Court has held applicable under the Fourth Amendment.

Thus, United States Supreme Court decisions control this issue. An unbroken line of United States Supreme Court cases beginning with *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970), and including the more recent decisions of *Michigan v Thomas,* 458 US 259; 102 S Ct 3079; 73 L Ed 2d 750 (1982), and *Florida v Meyers,* 466 US 380; 104 S Ct 1852; 80 L Ed 2d 381 (1984), have held that when officers have probable cause to believe there is contraband inside an automobile, the officers may conduct a search of the vehicle without a warrant even after it has been impounded and is in police custody.

In this case, the police had probable cause to search the vehicle in question for the second gun, previously observed in the possession of persons who drove away in the vehicle and which had not been found on the persons of the four occupants of the vehicle at the scene of defendant's arrest. The vehicle search for the gun and resulting discovery and seizure of marihuana met federal constitutional standards.

The trial court's ruling suppressing the marihuana as evidence and quashing the information was clearly erroneous.

We reverse, reinstate the case, and remand it to the Recorder's Court for trial.

II

The trial court set aside its addendum order to return a 1984 Lincoln automobile to defendant. The Lincoln automobile was the subject of a pending forfeiture action in the Wayne Circuit Court. MCL 333.7522; MSA 14.15(7522) provides in part as follows:

Property subject to forfeiture under this Article

may be seized upon process issued by the circuit court having jurisdiction over the property.

Defendant contends that the Recorder's Court has ancillary power to order the return of evidence, citing *People v Washington,* 134 Mich App 504; 351 NW2d 577 (1984), and *People v Rosa,* 382 Mich 163, 168; 169 NW2d 297 (1969). Neither of these cases involved any issue as to disputed title to the property in question.

The pending forfeiture proceeding places in issue, in the required circuit court, title claims to the vehicle in question. Such a claim can only be tried and decided in a court of civil jurisdiction. A similar type of issue was decided by a panel of this Court in the case of *Treasury Dep't v Recorder's Court Judge,* 89 Mich App 650, 655; 281 NW2d 134 (1979), wherein the Court stated:

> The jeopardy assessment issued by the Michigan Department of Treasury in this case does not institute a criminal proceeding and does not raise issues directly related to the ongoing criminal proceeding. Rather, the Department's actions raise a separate question of title which must be addressed in a court of civil jurisdiction. See *Craig v Detroit Police Dep't,* 397 Mich 185, 190; 243 NW2d 236 (1976); *People v 3474 Fairview,* 81 Mich App 479; 265 NW2d 381 (1978), *lv den* 402 Mich 945 (1978). Accordingly, once the Department of Treasury served its jeopardy assessment and notice of levy, the Recorder's Court had no jurisdiction to return the property in question to the criminal defendant. The Recorder's Court order is vacated, therefore, as being void for lack of subject-matter jurisdiction.

The Recorder's Court was correct in vacating its prior order to return the automobile to defendant.

The automobile shall be held subject to the

jurisdiction of the Wayne Circuit Court and the orders of such court entered in the course of the forfeiture proceeding.

Affirmed in part, reversed in part, and remanded.

BRONSON, P.J., did not participate.