ROBINSON v. INCHES.

1. SEARCHES AND SEIZURES—MONEY SEIZED AS EVIDENCE TO BE RE-
   TURNED WHEN NO COMPLAINT MADE.
      While police officers had a right, under 3 Comp. Laws
      1915, §§ 15880-15883, to seize money to be used as evidence
      in a prosecution for gambling, it was their duty to return
      it when complaint was neither made nor contemplated.

2. MANDAMUS—WILL LIE TO COMPEL DOING OF MINISTERIAL ACT.
      Mandamus will lie to compel police officials to return
      money seized to be used as evidence in a prosecution for
      gambling, where no complaint was made or is contem-
      plated; the return of the identical money taken, to which
      plaintiff is entitled, being a ministerial act.

Certiorari to Wayne; Dingeman (Harry J.), J.
Submitted October 10, 1922. (Calendar No. 30,310.)
Decided November 2, 1922.

Mandamus by Philo B. Robinson to compel James
W. Inches, commissioner of police of Detroit, and an-
other, to return certain moneys. From an order
granting the writ, defendants bring certiorari. Af-
firmed.

*James R. Walsh* (*Clarence E. Wilcox*, of counsel),
for appellants.

*Thomas L. Dalton* (*Fred P. Hempel*, of counsel), for
appellee.

CLARK, J. On August 5, 1921, police officers of the
Metropolitan Police department of Detroit entered
plaintiff's cigar store. It is claimed that gambling
was there in progress, and that a man standing at the

On the question of right of officer, in executing criminal pro-
cess, to take possession of evidentiary articles, see notes in 18
L. R. A. (N. S.) 253; L. R. A. 1916C, 1017.

counter was then in the act of making out a betting
slip and that he handed it with $2 to a clerk in the
store.   The officers interfered.   The clerk took from
his pocket, as the officers say, or from the cash register
as he says, $426 and dropped it into a waste basket.
The officers took such money.   It is now held by de-
fendants.   Plaintiff has demanded a return of the
money and has been refused.   January 27, 1922, he
brought mandamus to compel such return.   There was
return to the order to show cause which was traversed.
Testimony was taken.   On April 21, 1922, plaintiff
had judgment.   For review defendants bring cer-
tiorari.   It is established that the money belongs to
plaintiff.   It was found by the trial judge, correctly,
we think, that no complaint was ever made against the
clerk or against plaintiff and that none is contem-
plated.   The only meritorious question presented is
whether mandamus is the proper remedy.

Citing *Newberry* v. *Carpenter,* 107 Mich. 573 (31
L. R. A. 163, 61 Am. St. Rep. 346) ; *Taylor* v. *Isabella
Circuit Judge,* 209 Mich. 101, and sections 15880-
15883, 3 Comp. Laws 1915, Judge Dingeman properly
held that while the officers had a right to seize the
money to be used as evidence, it was their plain duty
to return it when complaint was neither made nor con-
templated.

Counsel say:

"Mandamus is an extraordinary remedy granted
only in cases where the usual modes of procedure and
forms of remedy are powerless to afford relief.   It
cannot be said that the usual modes of procedure and
forms of remedy are powerless to afford relief.   If
this money was taken from the relator illegally, he
has his action and to this action it is the contention
of these respondents that he must resort."

To what action must plaintiff resort?   Surely one
situated as plaintiff need not seek a money judgment

against officers and take the hazard of collecting such judgment. Nor should he be relegated to an action of replevin, nor to equity. *Taylor* v. *Isabella Circuit Judge, supra; LaGrange* v. *State Treasurer*, 24 Mich. 468. Nor need we speculate that if there were a pending cause before a court of competent jurisdiction in which such money was held as evidence the court in disposing of the cause might make an order relative to such evidence, for no such cause is pending. Though the money may be retained illegally it is nevertheless retained officially. *LaGrange* v. *State Treasurer, supra.*

Practically speaking, the judgment entered may be satisfied by the payment of money, but, strictly speaking, plaintiff is entitled to the return of the identical money taken. It being established that plaintiff is entitled to the money, that defendants have no right to keep it, and that they retain it in their official capacities, there remains to be done by defendants a single, official, ministerial act—returning the money. This act may be compelled by mandamus. It is said in 2 Abbott's Cyclopedia of Michigan Practice (2d Ed.), p. 1200:

"It may be affirmed as a general rule, sanctioned by the best authorities, that when a plain and imperative duty is specifically imposed by law upon public officers, so that in its performance they act merely in a ministerial capacity, without being called upon to exercise their own judgment as to whether the duty shall or shall not be performed, mandamus is the only adequate remedy to set them in motion, and the writ is freely granted in such cases, the ordinary remedies at law being unavailing. The same rule applies where the duty is imposed by statute and where it exists independent of statute."

See 26 Cyc. p. 163; High's Extraordinary Legal Remedies (3d Ed.), p. 312, and *Gowan* v. *Smith*, 157 Mich. 443.

And for a case similar as to facts in which the question is fully considered, see *LaGrange* v. *State Treasurer, supra.*

The judgment is affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.