W MASON, INC v JACKSON COUNTY PROSECUTOR

Docket No. 78-2972. Submitted April 10, 1979, at Lansing.—Decided
    February 20, 1980. Leave to appeal applied for.

On April 16, 1978, a bulldozer and trailer owned by plaintiff, W.
    Mason, Inc., was allegedly stolen by one Timothy O'Brien.
    During the course of the larceny O'Brien killed a police officer.
    O'Brien was arrested, and the bulldozer and trailer were seized
    by the police at the time of the arrest. On June 15, 1978,
    plaintiff brought an action against the Jackson County Prose-
    cuting Attorney and various law enforcement officers seeking
    the return of its property or, in the alternative, the payment of
    the reasonable rental value of the property. A hearing on the
    matter was held in Jackson Circuit Court, James G. Fleming,
    J., on June 20, 1978. As of that date O'Brien was awaiting
    preliminary examination on an open charge of murder. The
    prosecutor conceded at the hearing that the bulldozer had been
    checked thoroughly for evidence by the crime lab with negative
    results, but argued that something might come up which would
    require further analysis of the bulldozer and that the return of
    the property might result in the loss of that evidence. The
    circuit court issued its opinion on July 12, 1978, in which it
    held that the prosecutor and law enforcement agencies had a
    temporary right of possession superior to that of the owner,
    and, accordingly, the court refused to order the return of the
    property absent a determination by the examining magistrate
    as to what disposition should be made of this evidence.
    O'Brien's preliminary examination was held on July 31 and
    August 1, 1978, and he was arraigned in circuit court on
    August 8, 1978. The bulldozer and trailer were returned to
    plaintiff on October 13, 1978. Plaintiff appeals. *Held:*

It was an abuse of discretion for the circuit court to refuse to
    order the prosecutor to return the property to its owner, since
    there was no reason to continue the physical retention of the
    property by law enforcement officials. The absence of any
    positive findings by the crime lab after its inspection, coupled
    with the fact that there was little chance that the property

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Searches and Seizures §§ 116, 118.

itself would be offered at trial, the fact that verified photographs would suffice as evidence and the fact that there was no indication that the property would not be available for further scrutiny if the need arose, negated the need to continue to hold the property. Since the property should have been returned to the owner, the owner should be compensated for the reasonable rental value of his property for the period of time during which the property was unjustifiably withheld from him.

Reversed and remanded.

CYNAR, J., dissented. He would hold that the circuit court properly refused to order the law enforcement officials to return the property, since at the time of the hearing the underlying criminal prosecution had not yet reached the preliminary examination stage and, therefore, the examining magistrate had not yet had the opportunity to pass upon the question of the proper disposition of the evidence. Since the order of the circuit court was proper under the circumstances, a basis for ordering compensation to the plaintiff does not exist. He would affirm.

### OPINION OF THE COURT

1. SEARCHES AND SEIZURES — CUSTODIA LEGIS — RETURN OF SEIZED PROPERTY — COMPENSATION — STATUTES.

It is an abuse of discretion for a trial court to refuse to order a prosecutor to return to an innocent third party property owned by that third party which has been seized and held in *custodia legis* as evidence in a pending criminal prosecution where the property had been examined by the crime lab with negative results, the property is of such a size that it is doubtful that the property itself would be offered as an exhibit and there is no indication that the property would not be available for further scrutiny if the need arose; accordingly, the owner of the property is entitled to compensation for the reasonable rental value of the property during the period the owner is unjustifiably deprived of the use of the property (MCL 764.25; MSA 28.884, MCL 780.655; MSA 28.1259[5]).

### DISSENT BY CYNAR, J.

2. SEARCHES AND SEIZURES — RETURN OF SEIZED PROPERTY.

*A claim by the victim of a crime for the return of seized property owned by the victim is properly denied where the property is being held as possible evidence in a pending prosecution and the examining magistrate has not yet determined the disposition to be made of the evidence.*

*Gibbons & Nye,* for plaintiff.

*John L. Wildeboer,* Assistant Prosecuting Attorney, for defendants.

Before: V. J. BRENNAN, P.J., and BRONSON and CYNAR, JJ.

V. J. BRENNAN, P.J., Plaintiff appeals as of right from a July 12, 1978, order of the Jackson County Circuit Court denying plaintiff's motion for an order directing defendants to return a bulldozer and trailer to plaintiff or to pay plaintiff the reasonable rental value of the bulldozer and trailer.

Plaintiff had filed a complaint on June 15, 1978, alleging that defendants wrongfully held plaintiff's bulldozer and trailer. A hearing was held in Jackson County Circuit Court on June 30, 1978. The parties did not dispute the facts. On April 16, 1978, defendants had seized the bulldozer when they arrested Timothy O'Brien. O'Brien had allegedly stolen the bulldozer and trailer from plaintiff and killed Jackson police Lieutenant Nixon in the course of the larceny. At the time of the hearing O'Brien awaited preliminary examination in the district court on an open charge of murder. At the time of the hearing the prosecutor was considering charging O'Brien with felony murder.

The prosecutor conceded at the hearing that the crime lab had checked the bulldozer thoroughly for evidence. However, he argued that there was a possibility that "something" might come up at the examination which would require further analysis of the bulldozer and that, if it were returned before that time, plaintiff would use it in its business and it would get dirty or muddy so that, perhaps, some evidence would be lost.

On July 12, 1978, the court issued its written opinion denying the order to show cause which concluded that the prosecutor and law enforcement agencies involved held a temporary, superior right of possession of such property for use as evidence in a criminal proceeding.

This case raises an issue of first impression in Michigan: How long can the state hold in *custodia legis* incriminating evidence belonging to an innocent third party seized from a criminal defendant pursuant to a valid arrest?

The prosecutor in the present case is holding plaintiff's bulldozer and trailer under the authority of MCL 764.25; MSA 28.884, which states:

"Any person making an arrest shall take from the person arrested, all offensive weapons or incriminating articles which he may have about his person and must deliver them to the sheriff of the county, chief of police of the city or to the magistrate before whom he is taken."

The above statute does not indicate how long the state can hold the incriminating evidence seized pursuant to an arrest. However, as there is no difference in the use or effect of admissible incriminating evidence seized pursuant to an arrest and admissible incriminating evidence seized pursuant to a search warrant, there should likewise be no difference in the length of time such evidence can be held in *custodia legis.* MCL 780.655; MSA 28.1259(5) does limit the length of time evidence seized under a search warrant can be held in *custodia legis* and provides for the disposition of that property. Therefore the two statutes should be read *in pari materia* and be construed together. See *County Road Ass'n of Michigan v Board of*

*State Canvassers,* 407 Mich 101, 119; 282 NW2d 774 (1979).

MCL 780.655; MSA 28.1259(5), which speaks to incriminating evidence seized pursuant to the execution of a search warrant, provides in pertinent part:

"The property and things so seized shall be safely kept by the officer so long as necessary for the purpose of being produced or used as evidence on any trial."

In the present case the prosecutor conceded that the crime lab had thoroughly examined the confiscated property for relevant evidence. Further, the rules of evidence do not require that physical evidence be present; it is dubious that the prosecution would have offered the bulldozer itself as an exhibit in any judicial proceeding. Photographs, if properly marked and identified, would be sufficient in most cases. In any event, there was no indication that plaintiff would refuse to make the bulldozer and trailer available for further scrutiny or a view if the need arose.

Another factor that this Court gives great weight to is that the property confiscated and held by the state represents the means whereby plaintiff's owner makes his living; the bulldozer is the tool of the business. Plaintiff is an innocent third party which was victimized by the theft. To continue to deprive plaintiff of its property unnecessarily serves only to defeat rather than further justice.

As it was no longer necessary to hold the plaintiff's property in *custodia legis* the trial court abused its discretion by refusing to order the state to restore that property to the possession of its owner.

Plaintiff corporation had to rent another bulldozer to continue its business activities during the period that the state wrongfully kept the bulldozer from it, or suffer financial loss. Plaintiff is an innocent third party which has been victimized twice, once by the thief and once by the state. It is the ruling of this Court that, based upon the basic principles of equity, plaintiff is entitled to be compensated for the reasonable rental value of the bulldozer during the period that plaintiff was unjustifiably deprived of the use of the bulldozer. GCR 1963, 820.1(7).

This case is remanded to the trial court for fact finding to determine what fair compensation would be.

Reversed.

BRONSON, J., concurred.

CYNAR, J. *(dissenting)*. Plaintiff was the claimed owner of a bulldozer and trailer allegedly stolen by one Timothy O'Brien. This equipment was impounded by law enforcement personnel at the direction of the Jackson County Prosecutor as evidence in connection with a felony murder charge against O'Brien. The people were not aware what defense, if any, would be asserted by the defendant. The people claimed that the implements must be held by it as evidence at least until the conclusion of the preliminary examination in district court.

The trial court herein determined on July 12, 1978, that absent a determination by the examining magistrate as to what disposition should be made of this evidence, the trial court had no authority to order the prosecutor to return the evidence until the completion of preliminary ex-

amination, since the people had shown a temporary superior right to hold such items as evidence in a pending criminal proceeding. This appeal was filed on July 27, 1978. The preliminary examination was held on July 31 and August 1, 1978, and the defendant was arraigned in circuit court on August 8, 1978. The bulldozer and trailer were returned to the plaintiff on October 13, 1978.

The general rule is that the prosecutor or police officers may keep seized property until they are finished with its use as evidence. 68 Am Jur 2d, Searches and Seizures, § 118, p 773. The owner of the property cannot replevy the property while it is held as evidence in a criminal prosecution. 66 Am Jur 2d, Replevin, § 36, fn 44, p 858.

The property involved herein was seized at the time of a lawful arrest. It was connected with the charged offense of murder. The trial court did not err in refusing to return to plaintiff the bulldozer and trailer until the completion of the preliminary examination. Because the plaintiff is a victim of crime, the failure to compensate the plaintiff for the loss of use of the equipment pending the criminal proceeding appears to be most unfair. Acknowledging this to be so, compensation herein based on error attributed to the trial judge should not result, since in my opinion the trial judge ruled correctly on what was submitted for consideration.

I would affirm the order of the circuit court refusing to order defendants to return the bulldozer and trailer to plaintiff.