PEOPLE v WASHINGTON

Docket No. 68000. Submitted December 8, 1983, at Detroit.—Decided
   May 14, 1984. Leave to appeal denied, 419 Mich —.

Defendant, Ozell Washington, pled guilty in Detroit Recorder's
   Court to attempted possession of marijuana with intent to
   deliver and was sentenced to two years probation. Defendant
   thereafter filed a motion for the return of property taken from
   him at the time of the execution of a search warrant which was
   procured before he was charged in the marijuana case. The
   search warrant had been obtained from a district court judge
   and was for the premises at 5046 Linsdale, Detroit, Michigan,
   the defendant's residence. Recorder's Court Judge Leonard
   Townsend granted the motion in part, requiring the Detroit
   Police Department to return to the defendant $900 in cash and
   his proof of residence and entered an order to that effect. The
   City of Detroit, Department of Police, appeals, by leave
   granted, claiming that the Detroit Recorder's Court lacks the
   jurisdiction to hear such a motion and that defendant did not
   adequately establish his right to possession of the property.
   *Held:*

1. The original and exclusive jurisdiction of the Recorder's
   Court over felonies committed in Detroit includes the ancillary
   power to return property to those from whom it has been seized
   for use as possible evidence.

2. In the framework of a criminal case, the Recorder's Court
   has jurisdiction to order the return of property seized by the
   police department to the person from whom it was seized.

3. Since there is no claim to the money by an intervening
   third party there is no question here requiring an exercise of
   civil jurisdiction beyond the Recorder's Court's jurisdiction over
   crimes occurring in Detroit.

4. Since the police department did not seek the forfeiture of

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 103, 151.
[2] 20 Am Jur 2d, Courts §§ 13, 28, 98, 137.
   68 Am Jur 2d, Searches and Seizures § 118.
[3] 36 Am Jur 2d, Forfeitures and Penalties § 25.
[4] 68 Am Jur 2d, Searches and Seizures § 118.

the money under the controlled substance forfeiture statutes, the Court of Appeals rejected the claim that the money be treated as derivative contraband and not be returned to the defendant.

5. Defendant is prima facie entitled to the return of the property seized since there is no further possible need for the seized property as evidence.

Affirmed.

1. COURTS — RECORDER'S COURT — JURISDICTION — CRIMINAL LAW — PROPERTY — EVIDENCE.

The jurisdiction of the Recorder's Court is limited to the disposition of duly instituted criminal proceedings and issues directly related to these proceedings; the court's jurisdiction does not include general jurisdiction to determine questions of title, including an intervening third party's right to the possession or ownership of property seized as evidence in a criminal case (MCL 725.10a; MSA 27.3950[1]).

2. COURTS — RECORDER'S COURT — JURISDICTION — CRIMINAL LAW — EVIDENCE.

The original and exclusive jurisdiction of the Detroit Recorder's Court over felonies committed in Detroit includes the ancillary power to return property to those from whom it has been seized for use as possible evidence in a criminal case (MCL 725.10a; MSA 27.3950[1]).

3. CONTROLLED SUBSTANCES — PROPERTY — FORFEITURE.

The controlled substance sections of the Public Health Code pertaining to the forfeiture of property define what property is subject to forfeiture thereunder; it is provided that any money that is found in close proximity to any property that is subject to forfeiture under the act shall be presumed to be subject to forfeiture and that such presumption may be rebutted by clear and convincing evidence (MCL 333.7521, 333.7524; MSA 14.15[7521], 14.15[7524]).

4. CRIMINAL LAW — EVIDENCE — RETURN OF EVIDENCE.

A criminal defendant is prima facie entitled to the return of property seized from him for use as possible evidence where there is no longer any occasion for further possible need of the seized property as evidence; the burden of proof to establish a lawful reason to deny the return of the property to the defendant from whom it was seized is on the seizing authority.

*Donald G. Pailen,* Corporation Counsel, and

*Mary Rose Prost, Anthony W. Candela* and *James A. Gizicki,* for plaintiff.

*Jerome Crawford,* for defendant on appeal.

Before: BEASLEY, P.J., and V. J. BRENNAN and R. A. BENSON,\* JJ.

BEASLEY, P.J. Defendant, Ozell Washington, pled guilty to attempted possession of marijuana with intent to deliver, MCL 750.92; MSA 28.287 and MCL 333.7401; MSA 14.15 (7401), and was placed on probation for two years. After the criminal case was heard and resolved, Washington filed a motion for the return to him of property taken from him at the time of the execution of a search warrant before he was charged in this case.

Recorder's Court Judge Townsend granted defendant's motion in part, requiring the Detroit Police Department to return $900 in cash and a "proof of residence" to Washington. Appellant, City of Detroit, Department of Police, appeals from this order by leave granted, claiming that the Detroit Recorder's Court, since its reorganization, lacks jurisdiction to hear motions for the return of property, and further, that appellee Washington did not adequately establish his right to possession of the property.

On August 30, 1982, prior to institution of the criminal proceedings against defendant, Ozell Washington, the Detroit Police Department obtained a search warrant from a district judge for the premises at 5046 Linsdale, Detroit. Immediately prior to execution of the search warrant, a Detroit police officer, using marked bills, pur-

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

chased $10 worth of marijuana from Washington on the front porch of the Linsdale premises. Washington took the money and disappeared into the residence, returning several minutes later with a bag containing 4.1 grams of marijuana. Soon thereafter, officers entered and searched Washington's home by virtue of the warrant and then arrested Washington on the steps of his home.

A search of his person disclosed a small .38 caliber derringer pistol in his pants pocket, which was seized from him. Taken from his residence on Linsdale, pursuant to the search warrant, were twelve plastic bags containing approximately 448 grams of marijuana, a 12-gauge shotgun, a scale and $914 cash, which the police describe as suspected narcotics proceeds, along with the additional $10 in marked secret service funds.

At the outset, it should be noted that there is no claim to the money by any intervening third party.

Addressing the issues raised by appellant police department, we first consider whether the Recorder's Court possesses jurisdiction to order the return of the cash and other items to defendant. In this case, the search warrant was issued by the district judge, and the fruits of the search warrant were potential evidence in the within controlled substance case.

"For many years the basic theory of the courts was that seized property which would be admissible as evidence in a pending trial was held in custodia legis and could not be recovered in any proceeding by the owner, until its value as evidence was exhausted." (Footnote omitted.) Dow, *Searches and Seizures—Right of an Individual to Force the Return of Goods Seized and Held by Police Officials*, 35 Mich L Rev 306-307 (1936).

Upon completion of the within criminal proceeding, the housekeeping function of the Recorder's Court judge was to make appropriate orders for disposition of any property held in connection with the criminal proceeding.

Section 5 of the search warrant statute[1] establishes the procedure for disposition of property seized under a search warrant.[2] In *Dep't of Treasury v Recorder's Court Judge*,[3] we held that assertion of a jeopardy assessment by the state treasurer against a defendant in a controlled substance case for the purpose of levying on a substantial sum of money that had been seized by the Detroit Police Department raised questions of title essentially civil in nature. Thus, we concluded that the Recorder's Court lacked jurisdiction. But, in so ruling, we said, apropos of the within case,

"In short, Recorder's Court jurisdiction is limited to the disposition of duly instituted *criminal* proceedings and issues directly related to those proceedings. It does not include general jurisdiction to determine questions of title."[4] (Emphasis in original.)

As previously indicated, the within case involves only two parties: defendant, from whom the property was seized, and the police department that seized and holds the property. There is no question here requiring an exercise of civil jurisdiction beyond the Recorder's Court's jurisdiction over crimes occurring in Detroit.

In *People v Rosa*,[5] the Supreme Court stated:

---

[1] MCL 780.655; MSA 28.1259(5).

[2] On appeal, neither side claims this statute applies. For that reason, we do not discuss the statute in depth.

[3] 89 Mich App 650; 281 NW2d 134 (1979).

[4] *Id.*, pp 654-655.

[5] 382 Mich 163, 168; 169 NW2d 297 (1969).

"We do hold that in criminal cases similar to the one before us in this appeal, it is the ancillary right and duty of the recorder's court to determine the right to possession of money or goods illegally seized by law enforcing officials."

Appellant police department believes that cases like *Rosa* rested upon MCL 726.11; MSA 27.3561, which has been repealed and replaced by MCL 725.10a; MSA 27.3950(1). Particularly, appellant refers to the following repealed portion:

"to do all acts which the circuit courts of this state, within their respective jurisdictions, may, in like cases, issue and do by the laws of this state."

We do not agree with their conclusion that the repeal of the above portion of the statute somehow reduced the essential criminal jurisdiction of the Recorder's Court.

The original and exclusive jurisdiction of the Recorder's Court over felonies committed in Detroit[6] includes the ancillary power to return property to those from whom it has been seized for use as possible evidence. The so-called reorganization of Recorder's Court does not deprive it of general jurisdiction over felonies, including the ancillary power here exercised.

In so holding, we do *not* mean that Recorder's Court has jurisdiction to hear claim and delivery (formerly replevin) cases. Neither do we mean that Recorder's Court has jurisdiction to adjudicate title to personal property among competing claimants. We do mean that in the framework of a criminal case, the Recorder's Court has jurisdiction to order the return of property seized by the police department to the person from whom it was seized.

---

[6] MCL 725.10a; MSA 27.3950(1).

Second, appellant police department argues that defendant Washington, from whom the property was seized, did not adequately prove his right to possession. Appellant city asserts in oral argument[7] that Washington's cash was the "fruits of illegal enterprise" and cites out-of-state cases which hold that money derived from sale of narcotics is "derivative contraband" that presumably should not be returned.

This argument seems to miss the mark because appellant makes no reference to the controlled substance forfeiture statutes, MCL 333.7521 and 333.7524; MSA 14.15(7521) and 14.15(7524). The statutes define what property is subject to forfeiture, referring to money in § 7521(f) as follows:

"Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) shall be presumed to be subject to forfeiture under this subdivision. This presumption may be rebutted by clear and convincing evidence."

However, this record does not indicate any effort by appellant to seek forfeiture of the money under the controlled substance forfeiture statutes. Consequently, we reject appellant's claim, which is unsupported by evidence, that we treat the money as derivative contraband and deny the petition to return it to Washington, from whom it was seized.

In *People v One 1973 Pontiac Automobile*,[8] we held constitutional the predecessor forfeiture statute[9] and approved the procedure for forfeiture of a motor vehicle used in that case. A forfeiture claim under the controlled substance statutes would pose

---

[7] No evidence was offered to support the claim.

[8] 84 Mich App 231; 269 NW2d 537 (1978).

[9] MCL 335.355; MSA 18.1070(55), which was replaced by MCL 333.7521 and 333.7524; MSA 14.15(7521) and 14.15(7524).

a different question than that which we decide
here.

We believe that defendant Washington is enti-
tled to the return of the property unless there is a
lawful reason to deny him its return. The burden
of proof to establish a lawful reason to deny the
return of the property to the person from whom it
was seized was on the police. *People v Rosa, supra,*
is instructive regarding this issue, although it is a
case involving an admittedly illegal search and
seizure. In *Rosa,* the Court affirmed the return of
money to Rosa, saying:

"We are not considering an appeal involving an
action that was started by defendant-appellee in the
recorder's court to try question of title, but a case
where defendant was forcibly brought before the record-
er's court, where the issue presented is the superior
right to possession as between the seizing authority and
the one from whom the property was seized."[10]

As indicated, in one respect *Rosa* differs from
the within case in that there the search was held
unlawful in the trial court. In the within case, no
attack is made on either the constitutionality or
legality of the search. When defendant was
charged with possession of marijuana with intent
to deliver, presumably the property seized from
defendant under the search warrant would have
been offered in evidence at a trial. However, when
defendant pled guilty to the lesser offense of at-
tempted possession of marijuana with intent to
deliver, there was no longer any occasion to offer
this property in evidence.

Now that defendant has been sentenced after
the acceptance of his plea, and since there is not
any appeal pending, there does not appear to be

[10] *People v Rosa, supra,* p 167.

any occasion for further possible need of the seized property as evidence. Also, as previously indicated, there are not any intervening parties seeking to establish a right to possession or ownership of the seized property. Thus, defendant Washington is prima facie entitled to the return of the property seized from him.

In *People v Lavine*,[11] in a split decision, we held that the defendant in that case failed to show a superior right of possession to cash and other property. We believe *Lavine* rests on its own facts and is not controlling in the within case.

In *W Mason, Inc v Jackson County Prosecutor*,[12] in a split decision, we reversed a circuit court order denying a motion for an order directing the return of a bulldozer to its owner which had been held by the police pending a murder trial. In so holding, we held that under MCL 780.655; MSA 28.1259(5), it was no longer necessary for the police to retain possession of the bulldozer, which was essential to plaintiff's business.

In *Robinson v Inches*,[13] the Supreme Court held that while officers have a right to seize money to be used as evidence of gambling, it is their plain duty to return it when a complaint is neither made nor contemplated. The Supreme Court affirmed, granting mandamus for that defendant, saying it was the proper remedy.

In the within case, the controversy is between defendant-appellee Washington, from whom the property was seized, and appellant Detroit Police Department, the seizing authority. As previously indicated, we hold that Recorder's Court continues to have jurisdiction over criminal proceedings oc-

---

[11] 95 Mich App 200; 290 NW2d 413 (1980).

[12] 95 Mich App 447; 291 NW2d 76 (1980).

[13] 220 Mich 490; 190 NW 227 (1922).

curring in the City of Detroit,[14] including an ancillary matter of the kind here involved. The within case is a criminal case arising in the City of Detroit. The search warrant issued by the district court involved a location within the City of Detroit.[15]

Consequently, in accordance with this opinion, the order of the trial court for the return of the money and specified property to defendant is affirmed.

---

[14] See MCL 725.10a; MSA 27.3950(1) for definition of specific crimes.

[15] *People v Moss,* 68 Mich App 614; 244 NW2d 1 (1976), *lv den* 399 Mich 836 (1977).