141 Mich. App. 302 (1985)
367 N.W.2d 376
IN THE MATTER OF PROPERTY HELD BY THE DETROIT POLICE DEPARTMENT
(PEOPLE
v.
BENSON)
(PEOPLE
v.
COSTA)
Docket Nos. 73729, 74359.
Michigan Court of Appeals.
Decided March 5, 1985.
Donald G. Pailen, Corporation Counsel, Mark Ulicny, Deputy Corporation Counsel, Kay D. Schloff, Supervising Assistant Corporation Counsel, and James A. Gizicki, Anthony W. Candela and Mary Rose Prost, for the City of Detroit, Department of Police.
Before: GRIBBS, P.J., and D.E. HOLBROOK, JR. and N.J. LAMBROS,[*] JJ.
PER CURIAM.
The City of Detroit Police Department appeals by leave granted. Following termination of the separate criminal proceedings against them, defendant Frank M. Benson and defendants Costa and Thompson brought motions for return of property seized and held by the police. Frank M. Benson was arrested along with Troby D. Benson on charges of violating the controlled substances act. Apparently contraband was seized together *305 with other items of personal property. Following a preliminary examination at which the charge against Frank Benson was dismissed, Frank Benson requested the return of his property. The court ordered that the non-contraband items be returned to Frank Benson even though his request had been opposed by the department. Costa and Thompson pled guilty to attempted larceny in a building. They had entered a home and taken items, predominantly money. The defendants then made a motion to have their money returned. A hearing was held to determine what portion of the money belonged to defendants and what portion belonged to the victim. The trial judge then ordered defendants' portion returned to them, to which the department objects. The two cases have been consolidated.
On appeal the department contends that the criminal court does not have jurisdiction to hear post-judgment motions for return of property, that it, as the custodian of the property, has standing to contest this order, and that the defendants have the burden of proving lawful entitlement to the property seized.
The department argues that a post-judgment order by the court hearing the criminal case is an improper means of determining the question of return of seized property and that the proper vehicle would be the commencement by the claimant of a separate civil action. The arguments that the department advances have been thoroughly dealt with in People v Washington, 134 Mich App 504, 509; 351 NW2d 577 (1984):
"The original and exclusive jurisdiction of the Recorder's Court over felonies committed in Detroit includes the ancillary power to return property to those from whom it has been seized for use as possible evidence. *306 The so-called reorganization of Recorder's Court does not deprive it of general jurisdiction over felonies, including the ancillary power here exercised.
"In so holding, we do not mean that Recorder's Court has jurisdiction to hear claim and delivery (formerly replevin) cases. Neither do we mean that Recorder's Court has jurisdiction to adjudicate title to personal property among competing claimants. We do mean that in the framework of a criminal case, the Recorder's Court has jurisdiction to order the return of property seized by the police department to the person from whom it was seized." (Footnotes omitted.)
Accordingly, this disposes of the Benson case where there were no competing third parties, and the lower court decision is affirmed. However, Washington, supra, did not address the circumstances where, as here, funds of the defendants (Costa and Thompson) have become commingled with that of the victims. We are now required to determine if such a circumstance is directly related to the criminal proceedings or if it is a civil question requiring a new proceeding. Turning to United States v Wilson, 176 US App DC 321, 324; 540 F2d 1100 (1976), we find guidelines to determine if the jurisdiction is ancillary:
"`[A]ncillary jurisdiction should attach where (1) the ancillary matter arises from the same transaction which was the basis of the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a substantial new fact-finding proceeding; (3) determination of the ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposition in the main proceeding will not be frustrated.'" *307 Utilizing these guidelines we believe that the lower court did have jurisdiction. The theft of the money was an integral part of the criminal proceeding; a short evidentiary hearing was sufficient to determine the facts; all parties with any claim were present; and it is fundamental to the integrity of the criminal justice process that any property involved in the proceeding which is not subject to a government claim be returned to its rightful owner. In the instant case only the victim and the defendants have any claim to the money. We do not find that this is a general jurisdiction problem of determining title. When only the victim and the defendants are involved, we believe it is proper and efficient for the court to tie up the loose ends by returning the property.
The department's allegation that defendants had the burden of proof to show that they were entitled to return of the property is without merit.
"The burden of proof to establish a lawful reason to deny the return of the property to the person from whom it was seized was on the police." Washington, supra, p 511.
The department contends that it has standing, as custodian of the seized property, to contest an order disposing of the property. This issue relates only to the Benson case where the judge stated that he would not consider the department's brief. Our review of the record reveals that the department was representing its own interests because of its belief that it was a constructive bailee and could be liable for misdelivery. Therefore, it was error for the Recorder's Court judge to refuse to hear the department's arguments. However, in this instance the error was harmless. GCR 1963, 529.1. The department's potential liability is irrelevant *308 where it cannot show that there are any conflicting claimants.
Accordingly, the orders of the Recorder's Court are affirmed.
Affirmed.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.