*In re* RETURN OF FORFEITED GOODS

(PEOPLE v MIERZEJEWSKI)

Docket No. 103169. Argued April 10, 1996 (Calendar No. 6). Decided July 30, 1996.

The St. Clair County Sheriff's Department personally served Dale R. Mierzejewski with notice, pursuant to the controlled substances act, of intent to declare forfeited $3,420 in cash, two gold bracelets, and three gold chains previously seized under a search warrant after the defendant was arrested for possession of less than twenty-five grams of cocaine. Thereafter, the defendant failed to contest the forfeiture by filing a claim or posting bond as required by MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c), and the prosecution declared the property administratively forfeited under MCL 333.7523(1)(d); MSA 14.15(7523)(1)(d). Subsequently, the defendant was charged with possession with intent to deliver less than twenty-five grams of cocaine. The St. Clair Circuit Court, Ernest F. Oppliger, J., granted the prosecutor's motion to dismiss the case, and the defendant moved for the return of the property pursuant to MCL 600.4706; MSA 27A.4706. The prosecutor notified the defendant that the cash and jewelry would not be returned because of his failure to file a claim or post bond. The court, however, granted the defendant's motion for the return of all his property, citing an error in the defendant's address on the notice of forfeiture. The Court of Appeals, GRIFFIN, P.J., and F. X. O'BRIEN, J. (MACKENZIE, J, dissenting), affirmed (Docket No. 170171). The prosecution appeals.

In an opinion by Justice RILEY, joined by Chief Justice BRICKLEY, and Justices BOYLE, MALLETT, and WEAVER, the Supreme Court *held*:

The St. Clair County Sheriff's Department fully complied with the controlled substances act to effect a valid forfeiture, and the circuit court was without jurisdiction to review the uncontested administrative forfeiture. The prosecutor's agreement to return noncontraband property did not confer subject matter jurisdiction on the circuit court; thus, the court was without authority to order the return of the defendant's cash and jewelry.

1. The controlled substances act provides that property legally seized may be declared administratively forfeited by a governmental agency that notifies the property owner that the property has

been seized and that the agency intends to declare it forfeited. Within twenty days of receiving the notice, the defendant may contest the forfeiture by filing a claim and posting bond. If defendant contests the forfeiture, the prosecuting attorney must commence forfeiture proceedings at the expiration of the twenty-day period. This is the only means by which the statute confers jurisdiction on the circuit court.

2. In this case, the sheriff's department fulfilled the notice requirement of MCL 333.7523(1)(a); MSA 14.15(7523)(1)(a) by personally serving a copy of the notice on the defendant at the county jail. The defendant never filed a claim or posted bond, and that failure activated the automatic forfeiture clause of subsection 1(d). The forfeiture became final twenty days later. Because an administrative forfeiture had been declared, the circuit court did not have jurisdiction to review the matter or to order the return of the cash or jewelry.

3. The alleged agreement by the prosecutor to return the seized items is of no significance because the court lacked subject matter jurisdiction to review and set aside the forfeiture. MCR 2.507(H) does not abrogate the fundamental rule of civil procedure that subject matter jurisdiction cannot be conferred on the court by the consent of the parties. As a result, the defendant is bound by his failure to respond to the notice.

Reversed.

Justice Cavanagh, joined by Justice Levin, dissenting, stated that because the forfeiture of the defendant's property did not satisfy all the requirements contemplated by the controlled substances act, the legal ownership of his property never transferred to the county, and, on that basis alone, the defendant is entitled to the return of his property.

The ultimate forfeitability of seized property depends on proof that the property was furnished in exchange for, or is traceable to an exchange for, a controlled substance. Fundamental fairness and the irrefutable requirement of the reviewability of law enforcement actions requires a formal system to check the potentially unbridled discretion the police would possess if allowed to make both determinations required by the controlled substances act. An independent determination whether seized property satisfies the requirements of the act is compelled by general principles of administrative validity and is contemplated by the act.

In this case, because the charges against the defendant were dropped and there was no prosecution, there is legally no exchange of a controlled substance to which the property is traceable or for which the property was furnished or intended to be furnished, and,

therefore, the property never legally became subject to forfeiture. Also, the absence of a subsequent independent determination that the seized property was actually forfeitable vitiates the conclusion that legal ownership of the property passed from the defendant to the county. Further, the notice of intent to forfeit was defective because it did not comply with its own clearly stated requirement of advising the property owner where to file a claim and give a bond.

The majority's interpretation endorses irrevocable transfers of ownership to the governmental entity that makes the initial decision to seize property without any authoritative determination that the property is actually subject to forfeiture, certainly a financial boon to law enforcement agencies, but one that cannot be countenanced under our rule of law. More specifically, it violates the overall statutory scheme of the forfeiture provisions of the controlled substances act.

208 Mich App 689; 528 NW2d 852 (1995) reversed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Elwood L. Brown*, Prosecuting Attorney, and *Timothy K. Morris* and *Michael L. Hulewicz*, Assistant Prosecuting Attorneys, for the people.

*McIntosh, McColl, Carson, McNamee, Strickler & Rickel* (by *Nancy Bates Rickel*) for the defendant.

RILEY, J. This Court must decide whether the circuit court properly ordered the return of defendant's cash and jewelry after they were administratively forfeited pursuant to the controlled substances act.[1] We hold

---

[1] MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f)  provides:

The following property is subject to forfeiture:

\*     \*     \*

Any thing of value that is furnished or intended to be furnished in exchange for a controlled substance, an imitation controlled substance, an androgenic anabolic steroid, or a counterfeit androgenic anabolic steroid in violation of this article or section 17766a that is traceable to an exchange for a controlled substance, an imitation

that the St. Clair County Sheriff's Department fully complied with the act to effect a valid forfeiture. The circuit court was, therefore, without jurisdiction to review the uncontested administrative forfeiture. MCL 333.7523(1)(c) and (d); MSA 14.15(7523)(1)(c) and (d). Furthermore, the prosecutor's agreement to return noncontraband property did not confer subject matter jurisdiction on the circuit court. Consequently, the circuit court was without authority to order the return of defendant's cash and jewelry. Accordingly, we reverse the decision of the Court of Appeals.

I

On January 23, 1992, officers obtained a search warrant that led to the seizure of cocaine, drug paraphernalia, cash, gold jewelry, and personal items from defendant Dale Mierzejewski. He was arrested for possession of under twenty-five grams of cocaine with intent to deliver. Later that day, the St. Clair County sheriff's office personally served defendant[2] with a notice of intent to forfeit property. The sheriff's department sought forfeiture of the previously seized items: $3,420 in cash, two gold bracelets, and

controlled substance, an androgenic anabolic steroid, or a counterfeit androgenic anabolic steroid in violation of this article or section 17766a, or that is used or intended to be used to facilitate any violation of this article or section 17766a including, but not limited to, money, negotiable instruments, or securities. . . . Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d), or (e) shall be presumed to be subject to forfeiture under this subdivision. This presumption may be rebutted by clear and convincing evidence.

[2] A St. Clair County deputy sheriff signed a return of service, stating that the notice was served on defendant at the St. Clair County jail. The dissent has unilaterally declared this service defective without a basis in the statute. *Post*, pp 672 and 675, n 3. The sheriff's department fully complied with the requirements of the statute.

three gold chains, pursuant to the controlled substances act.[3] Defendant failed to file a claim or post bond as required by MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c). The prosecution declared the property administratively forfeited under MCL 333.7523(1)(d); MSA 14.15(7523)(1)(d). On February 21, 1992, a notice of forfeiture was sent to defendant informing him that the statutory period had lapsed and that the money and jewelry were now the property of St. Clair County.[4]

On August 4, 1992, defendant was charged with possession with intent to deliver less than twenty-five grams of cocaine and was taken into custody. After a series of delays, trial was scheduled for August 10, 1993. On that date, however, the prosecutor moved to dismiss the case because the prosecution's witnesses, other occupants of the motel room arrested with defendant, indicated that if called to testify they would exercise their Fifth Amendment rights. After the trial court granted the prosecutor's motion to dismiss, counsel for defendant moved "for the return of the property seized pursuant to the statute MCLA

---

[3] Not all property seized was forfeited.

[4] The notice of forfeiture signed by an assistant prosecuting attorney read:

> On the 23rd of January, 1992 you were served with a Notice of Intent to Forfeit the above referenced property.
>
> The statutory period has elapsed and you have failed to comply with the provisions of the statute, to-wit: MCLA 333.7523 and 333.7524, to perfect your claim, if any, you had in the property.
>
> As a result, you are hereby notified that pursuant to the provisions of the statute referred to herein your interest in said property has been and is hereby forfeited. Said property now belongs to St. Clair County.

600.4706 [MSA 27A.4706]."[5] The prosecutor replied that "[a]ny property that is not clearly contraband or drug paraphernalia will be returned." Subsequently, the prosecutor's office notified defense counsel that the cash and jewelry would not be returned because defendant did not comply with the statutory twenty-day requirement to file a claim and post bond. See MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c).

Therefore, on October 18, 1993, defendant brought a motion before the trial court for the return of all his property. The court, apparently relying on the error in defendant's address on the notice of forfeiture, ordered the forfeited property returned to defendant.[6] Plaintiff appealed as of right.

In a two to one decision, the Court of Appeals affirmed the decision of the trial court,[7] holding that the property forfeited under MCL 333.7521; MSA 14.15(7521) was properly returned to defendant. The Court of Appeals denied rehearing, and the prosecu-

---

[5] See n 3.

[6] *The Court:* All right. The correct address is 2519 instead of 3519 Cherry, and if he had received this letter your position would be totally different?

*Mrs. Rickel:* Yes, your Honor.

*The Court:* This letter [notice of forfeiture] was written by the prosecutor's office with the name of Steven Simasko on it. I am going to have the property returned to him.

[7] 208 Mich App 689; 528 NW2d 852 (1995).

tion applied for leave to appeal in this Court. We granted leave to appeal on December 7, 1995.[8]

## II

### A

Disposition of the seized and subsequently forfeited items in this case is governed by the controlled substances act, MCL 333.7521 *et seq.*; MSA 14.15(7521) *et seq.* Property that has been legally "seized"[9] may be administratively forfeited by a governmental agency that provides the property owner with notice that the property has been seized and that the agency intends to forfeit the property.[10] In the present case, the St. Clair County Sheriff's Department personally served

---

[8] 450 Mich 939.

[9] The property was seized pursuant to MCL 333.7522(a); MSA 14.15(7522)(a):

Seizure without process may be made under any of the following circumstances:

(a) Incident to a lawful arrest, pursuant to a search warrant, or pursuant to an inspection under an administrative inspection warrant.

[10] The local unit of government that seized the property, or, if the property was seized by the state, the state shall notify the owner of the property that the property has been seized, and that the local unit of government or, if applicable, the state intends to forfeit and dispose of the property by delivering a written notice to the owner of the property or by sending the notice to the owner by certified mail. If the name and address of the owner are not reasonably ascertainable, or delivery of the notice cannot be reasonably accomplished, the notice shall be published in a newspaper of general circulation in the county in which the property was seized, for 10 successive publishing days. [MCL 333.7523(1)(a); MSA 14.15(7523)(1)(a).]

defendant with notice[11] in full compliance with the controlled substances act.[12]

After receiving this notice, defendant had every right to contest the forfeiture. However, to do so, defendant was obligated to file a claim and post bond:[13]

> Any person claiming an interest in property which is the subject of a notice under subdivision (a) may, within 20 days after receipt of the notice or of the date of the first publication of the notice, file a written claim signed by the claimant with the local unit of government or the state

---

[11] At the October 18, 1993, hearing, defense counsel argued that the notice of intent to forfeit property did not have her client's correct address on it. Defendant was residing at 2519 Cherry Street and the sheriff's notice of intent to forfeit property listed defendant's address as 3519 Cherry Street. However, because defendant was personally served, the mistaken address is irrelevant.

Defense counsel also argued that the notice of intent to forfeit property failed to state where defendant was to file a claim. The statute imposes no obligation on the forfeiting agency to inform a property owner where to file a claim. See MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c). In fact, the notice given to defendant provided him with more information than is statutorily required.

[12] The sheriff's notice of intent to forfeit property stated:

The below listed property was seized pursuant to the provisions of the Controlled Substance Act, MCL 333.7522 through MCL 333.7525, [MSA 14.15(7522) through MSA 14.15(7525)].

To-wit: $3,420.77, 2 Gold Bracelets, 3 Gold Chains

Pursuant to the statue [sic] you are placed on notice that it is our intent to forfeit this property.

In the event you wish to contest this forfeiture and have a hearing thereon, you must do the following:

1. Within twenty (20) days from receipt of this notice, file a claim by sending a notice of that claim to _____.

2. You must file a case or surety bond with the local unit of government, to-wit, St. Clair County in the amout [sic] of $250.00.

If both of the above are not accomplished within the required twenty (20) days, the items will be declared forfeited.

[13] Failure to file a claim and post bond results in the administrative forfeiture of the property. MCL 333.7523(1)(d); MSA 14.15(7523)(1)(d).

expressing his or her interest in the property. [MCL
333.7523(1)(c);  MSA 14.15(7523)(1)(c).]

Upon receipt of the property owner's claim, the pros-
ecuting attorney must then commence forfeiture pro-
ceedings at the expiration of the twenty-day period:

> Upon the filing of the claim, and the giving of a bond to
> the local unit of government or the state in the amount of
> 10% of the value of the claimed property, but not less than
> $250.00 or greater than $5,000.00 . . . . The attorney gen-
> eral, the prosecuting attorney, or the city or township attor-
> ney shall promptly institute forfeiture proceedings after the
> expiration of the 20-day period. [MCL 333.7523(1)(c);  MSA
> 14.15(7523)(1)(c).]

This is the *only* means by which the statute confers
jurisdiction on the circuit court. In the present case,
defendant never filed a claim or posted bond. His fail-
ure activated the automatic forfeiture clause of MCL
333.7523(1)(d);  MSA 14.15(7523)(1)(d):  "If no claim
is filed or bond given within the 20-day period as
described in subdivision (c), the local unit of govern-
ment or the state *shall declare the property forfeited
and shall dispose of the property* . . . ." (Emphasis
added.) As a matter of law, the property was ceded to
St. Clair County on the twentieth day following ser-
vice of the sheriff's notice of intent to forfeit property
on defendant.[14] In the present case, the prosecuting
attorney declared the property forfeited and sent

---

[14] The dissent would rewrite this particular legislation to include review
through a neutral, independent proceeding. No such provision exists in
the present statute, and, unless the provision is declared unconstitutional,
it must be read and applied as written. See *Grand Rapids v Crocker*, 219
Mich 178, 182; 189 NW 221 (1922)  ("If the language employed in a statute
is plain, certain and unambiguous, a bare reading suffices and no interpre-
tation is necessary"). Moreover,

defendant a notice of forfeiture.[15] Because an administrative forfeiture had been declared, the circuit court did not have jurisdiction to *review* the matter. MCL 333.7523; MSA 14.15(7523).[16] Accordingly, the court did not have the authority to order the return of the forfeited cash and jewelry.

B

Notwithstanding the clear and unambiguous language of the statute, defendant argues that the circuit court had jurisdiction to *review* the forfeiture proceedings, citing *In re Property Held by the Detroit Police Dep't*, 141 Mich App 302, 304; 367 NW2d 376 (1985). In *Detroit Police Dep't*, the defendants sought return of property *"seized and held"* by the police. Significantly, the property in *Detroit Police Dep't*, however, was merely seized and apparently held as evidence, but was *never administratively forfeited* pursuant to the controlled substances act. In fact, *Detroit Police Dep't* relied on *People v Washington*, 134 Mich App 504, 510; 351 NW2d 577 (1984), in

---

[t]he courts should recognize limitations on their powers in interpreting statutes. They should recognize that the legislature is supreme and must be followed to the extent that it has passed laws which are clear and constitutional. The courts do not have the right to say: "This is what the statute states, but we do not like it and hence will not follow it." [Johnstone, *An evaluation of the rules of statutory interpretation*, 3 U Kan L R 1, 8 (1954).]

[15] Although the prosecutor sent defendant notice that the property had been forfeited, it was under no such statutory obligation. Therefore, defendant's claim that his address was incorrect on the notice of forfeiture is without merit.

[16] This result is clear from the unambiguous language of the statute and is supported by the traditional common-law distinction between criminal and forfeiture proceedings. See *People v Hellis*, 211 Mich App 634; 536 NW2d 587 (1995); *In re Forfeiture of $53*, 178 Mich App 480, 496; 444 NW2d 182 (1989).

which the Court of Appeals upheld the return of "seized" property,[17] but noted this very distinction, cautioning: "However, this record does not indicate any effort by appellant to seek forfeiture of the money under the controlled substance forfeiture statutes." Neither case purports to confer jurisdiction on a circuit court to return administratively forfeited property. In fact, the cases stand for quite the opposite proposition, as the *Washington* Court stated: "A forfeiture claim under the controlled substance statutes would pose a different question than that which we decide here." *Id.* at 510-511.

It is clear from both the language of the decision in *Detroit Police Dep't* and that Court's reliance on *Washington* that the property at issue in *Detroit Police Dep't* had not been administratively forfeited under the controlled substances act. Therefore, *Detroit Police Dep't* merely stands for the proposition that following a preliminary examination in which the *charge* against the defendant is dismissed, property *seized and held* as evidence, *but not administratively forfeited under the controlled substances act,* may be returned to the defendant by a circuit court having jurisdiction over the criminal matter.

---

[17] The Court held:

> The original and exclusive jurisdiction of the Recorder's Court over felonies committed in Detroit includes the ancillary power to return property to those from whom it has been *seized for use as possible evidence.* The so-called reorganization of Recorder's Court does not deprive it of general jurisdiction over felonies, including the ancillary power here exercised.
>
> [I]n the framework of a criminal case, the Recorder's Court has jurisdiction to order the return of property *seized* by the police department to the person from whom it was *seized.* [*Id.* at 509 (emphasis added).]

C

Defendant also argues that a binding agreement was made between the parties in open court that obligated the prosecutor to return the forfeited property. Defendant and the Court of Appeals cited MCR 2.507(H) in support:

> An agreement or consent between the parties or their attorneys respecting the proceedings in an action, subsequently denied by either party, is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

Assuming, arguendo, that the prosecutor agreed to return the *forfeited* property, the prosecutor's agreement was invalid.[18] MCR 2.507 does not abrogate the fundamental rule of civil procedure that "subject matter jurisdiction cannot be conferred on the court by the consent of parties." *In re Hatcher*, 443 Mich 426, 433; 505 NW2d 834 (1993). The prosecutor simply could not confer by agreement subject matter jurisdiction on the circuit court. See MCL 333.7423(2); MSA 14.15(7423)(2). Accordingly, defendant's claim must fail.

Moreover, defendant and the Court of Appeals rely on *Nelson v Consumers Power Co*, 198 Mich App 82; 497 NW2d 205 (1993), for the proposition that an agreement made in open court between counsel is

---

[18] Defense counsel asked for return of "seized" property. There is a distinction between property "seized and held" and property administratively and finally forfeited. See *Washington, supra* at 510-511. Arguably, and quite probably, the prosecutor in this case only agreed to return the property "seized" and held in evidence that which was not administratively forfeited. This included defendant's shaving kit and some of his personal papers.

binding under principles of apparent authority. *Nelson*, however, is not at all relative to the present case because it involved the apparent authority of an attorney to bind a party *to a settlement agreement.* There was no issue of the court's subject matter jurisdiction in *Nelson.* In the present case, the property was administratively forfeited by defendant's failure to file a claim or post bond. Consequently, the circuit court set aside an uncontested administrative forfeiture action without jurisdiction to decide the matter.

It is also claimed that the prosecutor waived the trial court's jurisdiction. It is well established that "[j]urisdiction of the subject-matter cannot be given by consent." *Warner v Noble*, 286 Mich 654, 659; 282 NW 855 (1938).[19] Therefore, defendant's claim that the prosecuting attorney waived the trial court's jurisdiction is without merit and also must fail.

III

Unquestionably, the sheriff's department fulfilled the notice requirements of MCL 333.7523(1)(a); MSA 14.15(7523)(1)(a). A copy of the notice was personally served on defendant at the county jail in total compliance with MCL 333.7523(1)(a); MSA 14.15(7523)(1)(a). The forfeiture became final twenty days later when defendant failed to file a claim or post bond. MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c). The alleged agreement by the prosecutor to return the seized items is of no significance because the court lacked subject matter jurisdiction to review and set aside the forfeiture. As a result,

---

[19] See *People v Phillips*, 383 Mich 464, 469; 175 NW2d 740 (1970), in which this Court stated: "Jurisdiction over the subject matter, of course, could not be conferred by consent or waiver . . . ."

defendant is bound by his failure to respond to the notice of intent to forfeit property. Accordingly, we reverse the decision of the Court of Appeals and order the property disposed of in accordance with MCL 333.7524; MSA 14.15(7524).

Brickley, C.J., and Boyle, Mallett, and Weaver, JJ., concurred with Riley, J.

Cavanagh, J. (*dissenting*). The majority holds that "the St. Clair County Sheriff's Department fully complied with the [controlled substances] act to effect a valid forfeiture." *Ante,* p 662. Accordingly, the majority concludes that "the circuit court was without authority to order the return of defendant's cash and jewelry." *Id.*   In my opinion, however, this whole issue is effectively moot because the forfeiture of defendant's property did not satisfy all the requirements contemplated by the act.

I

The key to my analysis is the fact that no independent determination of the forfeitability of defendant's property was ever made, contrary to the intent of the statute. The property at issue was seized by officers of the St. Clair County Sheriff's Department, a defective notice of intent to forfeit was served on defendant by officers of that same department, and, twenty days after this service, a notice of forfeiture[1] was sent to defendant and the St. Clair County Sheriff's Department considered itself the new owner of defendant's property.

---

[1] Such notice is not mentioned in the act. It is apparently a self-initiated administrative practice of the St. Clair County Prosecutor's Office.

A

In relevant part, subsection 7521(1)(f) of the act provides that "[t]he following property is subject to forfeiture:

\*        \*        \*

> Any thing of value that is furnished or intended to be furnished in exchange for a controlled substance . . . that is traceable to an exchange for a controlled substance . . . or that is used or intended to be used to facilitate any violation of this article . . . including, but not limited to, money, negotiable instruments, or securities. [MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f).]

I do not claim that defendant's property was illegally *seized* in this case. But the ultimate forfeitability of such property depends on proof that the property was furnished in exchange for, or is traceable to an exchange for, a controlled substance. Fundamental fairness and the irrefutable requirement of the reviewability of law enforcement actions for the protection of our civil liberties requires the existence of a "formal system . . . by which to check the potentially unbridled discretion the police would possess if allowed to make [both determinations required by the controlled substances act]. The potential for abuse seems obvious." *People v Gallego*, 430 Mich 443, 452; 424 NW2d 470 (1988). "A criminal statute . . . may not vest law enforcement officials . . . with unbridled discretion . . . ." *People v Lino*, 447 Mich 567, 591; 527 NW2d 434 (1994) (opinion of LEVIN, J.).

I think an independent determination whether seized property satisfies the requirements of subsection 7521(1)(f) is compelled by general principles of

administrative validity and, more importantly, is in fact contemplated by the controlled substances act.

Moreover, in this particular case, it is actually unnecessary to even reach the question who should ultimately decide the forfeitability of the property at issue. This is so because, given the fact that the charges against defendant were dropped and no prosecution was carried out against any of the parties involved, there is legally no "exchange for a controlled substance" to which defendant's property is "traceable" or for which defendant's property was "furnished or intended to be furnished." Therefore, the requirements of subsection 7521(1)(f) were never met and defendant's property never became legally subject to forfeiture.

B

Subsection 7523(1) provides that "[i]f property is seized pursuant to section 7522,[2] forfeiture proceedings shall be instituted promptly." MCL 333.7523(1); MSA 14.15(7523)(1). Then, in cases in which the seizing agency has notified the owner of the property of an intent to forfeit and the owner files a written claim and gives a bond, forfeiture proceedings must be instituted. MCL 333.7523(1)(c); MSA 14.15(7523)(1)(c). Property seized in accordance with the act "is deemed to be in the custody of the seizing agency subject only to this section or an order and judgment of the court having jurisdiction over the forfeiture proceedings." MCL 333.7523(2); MSA 14.15(7523)(2). In my judgment, the provision in sub-

---

[2] MCL 333.7522; MSA 14.15(7522). This section sets forth the circumstances under which property may be seized. As already noted, I do not contend that the property at issue in this case was illegally seized.

section 7523(1)(d) purporting to authorize a local unit of government, in cases in which no claim is filed or bond given within the twenty-day period, to simply "declare the property forfeited" without any neutral, independent proceeding is the kind of unbridled discretion our rule of law safeguards us against.

In my opinion, although the property was properly seized and the owner was notified (albeit insufficiently) of the county's intent to forfeit, the absence of a subsequent independent determination that the seized property was actually forfeitable vitiates the conclusion that legal ownership of the property passed from defendant to the county.

C

I would also point out that the notice of intent to forfeit served on defendant was defective because of the undisputed fact that it did not comply with its own clearly stated requirement of advising the property owner where to file a claim and give a bond, should he decide to do so.[3] Protection against arbitrary governmental seizures of private property, a protection well embedded in our legal tradition, surely requires strict compliance with procedural safeguards.

D

If the majority's interpretation is correct—that, absent the filing of a claim, any property lawfully

---

[3] The notice of intent to forfeit in this case was defective in that it failed to provide any information on where a claim was to be filed. The form served upon defendant stated: "In the event you wish to contest this forfeiture and have a hearing thereon, you must do the following: (1) within twenty (20) days from receipt of this notice file a claim by *sending a notice of that claim to* _____." (Emphasis added.)

seized becomes the property of the seizing authority (here, the sheriff) after twenty days—then police agencies have a marvelous tool for augmenting their budgets. This automatic transfer of title could never be challenged later, even if the prosecutor determines on the twenty-first day that a mistake was made, that the seized property was not drug related, and that there will be no criminal prosecution. And we cannot rely on the good intentions of the prosecutor in such circumstances because, at oral argument, in response to Justice MALLETT's inquiry whether the prosecutor could return the items after twenty days had passed, the prosecutor responded, "I don't believe that we could, Justice. . . . If the 20 days had passed, it would be my position that that property belonged to St. Clair County, and *it would be out of our consideration*." (Emphasis added.)

The majority's interpretation endorses irrevocable transfers of ownership to the governmental entity that makes the initial decision to seize property without any authoritative determination that the property is actually subject to forfeiture. This is certainly a financial boon to law enforcement agencies—perhaps there was a method to leaving the notice of intent form blank rather than indicating *where* to file a claim—but it is a boon that cannot be countenanced under our rule of law. And, more specifically, it violates the overall statutory scheme of the forfeiture provisions of the controlled substances act.

II

In conclusion, then, I would hold that legal ownership of defendant's property never transferred to the

county. Therefore, on that basis alone, defendant is entitled to the return of his property.

LEVIN, J., concurred with CAVANAGH, J.